of a qualified witness, and the record does not preserve many of those factors which may have made that opinion persuasive. The judge has a much larger measure of responsibility than we upon such issues, and if it clearly appeared that he thought that Nesbit's opinion was a sufficient basis for finding that if the ship had had enough ballast on the trip of February 11, she would not have cracked on March 5th, however sceptical we might be, we should scarcely reverse it as "clearly erroneous."

The last of the faults found is that the ballast on the second trip, though enough in amount, was ill distributed. Here Nesbit and Hathaway changed sides. Moreover, in his original report Hathaway had said nothing about the distribution of the ballast; he attributed the ship's loss to its insufficiency: quite another question, and without basis in fact. Upon his direct too he said nothing about its distribution; and for that matter he had come to be doubtful about his original conclusion that ballast had had anything to do with the catastrophe. He "could easily be wrong because so many of them"—"Liberty" ships —"have broken since that time." It was upon his cross examination that for the first time he suggested, not that the ballast was too little, but that it was improperly distributed. Even more than in the case of Nesbit, does this apparent afterthought seem a tenuous support for a finding; yet again, in spite of his youth and inexperience, we should hesitate to substitute ourselves as judges of his reliability. It was possible for the judge to find that his opinion was reliable on this issue; he may have been convincing to a degree which the print cannot convey.

■ These findings, read with the opinion, leave us in doubt, as we have already intimated, whether the judge meant that the weakening of the plates, resulting from each one of the faults found, would alone have caused the ship to crack as she did, or whether the combination of all three was necessary to that result. Since we have eliminated one of these—the failures to inspect—the case must in any event be remanded for further findings whether either the insufficient ballast on the first trip, or the ill distribution of the ballast on the second trip, was the cause. We could not accept a finding that both in conjunction were the cause, because that would presuppose that Nesbit and Hathaway were right in what they affirmed, but wrong in

what they denied. Since each denied what the other affirmed, it would seem inevitable that one or the other was reliable as an expert, but not both. Besides, as has already appeared, the testimony of each is baffling and unsatisfactory and it seems to us that justice will be best secured by having them re-examined on the two critical issues which are these.

(1.) Were the ship's plates strained on the trip of February 11 because she had insufficient ballast, and were those strains a necessary factor in her cracking on March 5th?

(2.) Was the ballast improperly stowed on the trip of February 21, and was that improper stowage a necessary factor to her cracking on March 5th?

The only other issue is whether McGhee's exposure, resulting from the ship's foundering, was the cause of his tuberculosis. That finding does not appear to have been "clearly erroneous," and we affirm it. The judge did not expressly find whether McGhee had improperly neglected his safety; but we assume that he included this in the award which he made. We affirm the amount of that award and with it the implied finding.

Decree reversed; cause remanded for further proceedings in accordance with the foregoing.

## GARRISON v. UNITED STATES.

### No. 11523.

Circuit Court of Appeals, Fifth Circuit.

March 6, 1946.

Willie Gray Garrison, of Atlanta, Ga., for appellant in pro. per.

John D. Hill, U. S. Atty., and Gorman R. Jones, Asst. U. S. Atty., both of Birmingham, Ala., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

PER CURIAM.

A motion was made in the District Court on September 25, 1945, to set aside a sentence entered November 6, 1942, and affirmed in this court, Garrison v. United States, 5 Cir., 135 F.2d 877, on June 25, 1943, and certiorari denied by the Supreme Court, 320 U.S. 751, 64 S. Ct. 55, 88 L.Ed. 446, on October 11, 1943. It was dismissed without a hearing. The motion could have propriety only as one in the nature of a coram nobis. It should have been presented to this court first. Strang v. United States, 5 Cir., 53 F.2d 820; Young v. United States, 5 Cir., 138 F.2d 838. But it is here now, the movant being his own counsel, and we are considering it as though presented here initially. Its grounds, except one, are such as should have been raised by timely motion for new trial or appeal, and have been adequately dealt with on a habeas corpus writ under which they were urged. Garrison v. Hunter, 10 Cir., 149 F.2d 844. The one exception is the ground that two of the material witnesses against movant were forced by threats of certain officers of the United States to commit wilful perjury in testifying as they did. This is asserted to have been a denial of due process which invalidates the trial under Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406. The charge is belated and seems improbable, but is supported by affidavit of the two witnesses referred to, and was not considered and passed upon at all in the trial. We think in the interest of justice this ground of the motion ought to be enquired into, and to this end the judgment dismissing the motion is set aside, and the matter remanded to the District Court that such enquiry be there made, and such action taken as may be found to be proper.

Remanded.

TAYLOR et al. v. AUSTRIAN et al.
In re CENTRAL STATES ELECTRIC CORPORATION.

No. 5458.

Circuit Court of Appeals, Fourth Circuit.

March 22, 1946.

