154 F.2d 106 (1946)
GARRISON
v.
UNITED STATES.
No. 11523.
Circuit Court of Appeals, Fifth Circuit.
March 6, 1946.
*107 Willie Gray Garrison, of Atlanta, Ga., for appellant in pro. per.
John D. Hill, U. S. Atty., and Gorman R. Jones, Asst. U. S. Atty., both of Birmingham, Ala., for appellee.
Before SIBLEY, HOLMES, and McCORD, Circuit Judges.
PER CURIAM.
A motion was made in the District Court on September 25, 1945, to set aside a sentence entered November 6, 1942, and affirmed in this court, Garrison v. United States, 5 Cir., 135 F.2d 877, on June 25, 1943, and certiorari denied by the Supreme Court, 320 U.S. 751, 64 S. Ct. 55, 88 L.Ed. 446, on October 11, 1943. It was dismissed without a hearing. The motion could have propriety only as one in the nature of a coram nobis. It should have been presented to this court first. Strang v. United States, 5 Cir., 53 F.2d 820; Young v. United States, 5 Cir., 138 F.2d 838. But it is here now, the movant being his own counsel, and we are considering it as though presented here initially. Its grounds, except one, are such as should have been raised by timely motion for new trial or appeal, and have been adequately dealt with on a habeas corpus writ under which they were urged. Garrison v. Hunter, 10 Cir., 149 F.2d 844. The one exception is the ground that two of the material witnesses against movant were forced by threats of certain officers of the United States to commit wilful perjury in testifying as they did. This is asserted to have been a denial of due process which invalidates the trial under Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406. The charge is belated and seems improbable, but is supported by affidavit of the two witnesses referred to, and was not considered and passed upon at all in the trial. We think in the interest of justice this ground of the motion ought to be enquired into, and to this end the judgment dismissing the motion is set aside, and the matter remanded to the District Court that such enquiry be there made, and such action taken as may be found to be proper.
Remanded.