## UNITED STATES v. MORGAN.

### UNITED STATES ex rel. MORGAN v. MARTIN, Warden of Attica Prison, Attica, N. Y.

Nos. 155–156, Docket 22560–22561.

United States Court of Appeals Second Circuit.

Argued Jan. 13, 1953.

Decided Feb. 5, 1953.

Jacob Abrams, Brooklyn, N. Y. (Jacob Abrams, Brooklyn, N. Y., and Florence Kelley—Legal Aid Society, New York City, of counsel), for defendant-appellant, relator-appellant.

Edmund Port, U. S. Atty., Syracuse, N. Y., for plaintiff-appellee.

Nathaniel L. Goldstein, Atty. Gen. of the State of New York, and Vincent A. Marsicano, Asst. Atty. Gen. of New York, for respondent-appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

In 1939 Robert Morgan pleaded guilty and was sentenced in the Northern District of New York to four years imprisonment on each of eight counts in an indictment involving the theft of three letters from the United States mail. He served the time under these sentences, which ran concurrently. In 1950 he was convicted in the County Court of Onondaga County, New

---

68

York, and was sentenced as a second offender to serve from seven to ten years. New York Penal Law § .1941. He is currently confined in Attica Prison, Attica, New York, pursuant to that sentence. On February 11, 1952, application was made to the District Court for the Northern District of New York for a common law writ of error *coram nobis*, seeking an order vacating and setting aside his conviction in that court on the ground that he was not given the assistance of counsel and did not waive his constitutional right to such assistance. If his federal conviction were set aside he would presumably be entitled to be resentenced in the New York court as a first offender. Following the denial by Judge Brennan of the application for a writ of error *coram nobis*, Morgan sought a writ of habeas corpus in the Western District of New York, the district in which he is confined. 28 U.S.C. § 2241 et seq. The grounds are stated in his brief to have been the same as those upon which the application for the writ of error *coram nobis* was based, but the petition is not included in the record nor was it filed in the district court. The application was denied by Judge Knight.

The appeals from the decisions of Judge Knight and Judge Brennan have been argued together. Judge Brennan denied the application for a writ of *coram nobis* on the ground that it was to be treated as a motion under 28 U.S.C. § 2255 which could not be made because Morgan was no longer in federal custody. United States v. Bradford, 2 Cir., 194 F.2d 197, certiorari denied 343 U.S. 979, 72 S.Ct. 1079, 96 L.Ed. 1371; United States v. Lavelle, 2 Cir., 194 F.2d 202. However, in denying the petition for a reargument in United States v. Bradford, supra, this court left open the question whether a motion outside the rules might not be available to a prisoner serving a state sentence as a second offender who sought to establish that his first conviction in a federal court was void, as Morgan does here. Although United States v. Lavelle, supra, apparently involved such a situation, the question of whether a writ of error *coram nobis* could issue does not seem to have been raised.

In United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129, the Supreme Court declined to pass on whether the federal courts possessed the jurisdiction to correct errors at subsequent terms as was done at common law through writs of error *coram nobis*. Cf. United States v. Smith, 331 U.S. 469, 475, note 4, 67 S.Ct. 1330, 91 L.Ed. 1610. But several circuits have held that such a power exists. United States v. Steese, 3 Cir., 144 F.2d 439, 442; Robinson v. Johnston, 9 Cir., 118 F.2d 998, judgment vacated and cause remanded 316 U.S. 649, 62 S.Ct. 1301, 86 L.Ed. 1732, reversed on other grounds, 9 Cir., 130 F.2d 202; Roberts v. United States, 4 Cir., 158 F.2d 150; cf. Tinkoff v. United States, 7 Cir., 129 F.2d 21; Farnsworth v. United States, D.C.Cir., 198 F.2d 600, certiorari denied 73 S.Ct. 338.

■ It is argued that 28 U.S.C. § 2255 superseded all other remedies which could be invoked in the nature of the common law writ of error *coram nobis*. While the Reviser's Note to the enactment of Section 2255 says that: "This section restates, clarifies and simplifies the procedure in the nature of the ancient writ of error coram nobis", the Supreme Court in interpreting § 2255 stated that it was passed "to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts." United States v. Hayman, 342 U.S. 205, 219, 72 S.Ct. 263, 272, 96 L.Ed. 232. The difficulties referred to were the burden involved in considering the numerous applications for writs of habeas corpus that were filed in the districts where federal prisons were located, and the inherent problem of dealing with petitions when the records and government officials involved were located at distant points. In view of the Congressional purpose in enacting § 2255 we can see no reason for construing it in such a way as to deprive a prisoner of remedies that were before open to him, and which would avoid the above difficulties in situations not covered by § 2255. If Morgan can establish that he was deprived of his common law right to be represented by counsel at the trial in the Northern District and he in no way waived that right, there would be a

proper case for allowing a writ of error *coram nobis*, since such a denial is an error of fundamental character rendering the trial invalid. See United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129. Judge Brennan's order dismissing his application should accordingly be reversed.

The government concedes that Morgan's contention that he was without the assistance of counsel is supported by the record. Whether he in fact was represented by counsel or whether he can sustain his burden of showing that he did not intelligently waive this right can only be determined in a hearing. See Johnson v. Zerbst, 304 U.S. 458, 468–469, 58 S.Ct. 1019, 82 L.Ed. 1461. That hearing may be· had upon affidavits or other evidentiary matter submitted on behalf of Morgan and of the government and would not necessarily require that he be brought to the Northern District to testify orally. But unless the affidavits clearly show that Morgan's contention is without foundation, he should be present at the hearing and be permitted to testify. See Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830; United States v. Hayman, 342 U.S. 205, 222–223, 72 S.Ct. 263, 96 L.Ed. 232; cf. Barber v. United States, 4 Cir., 142 F.2d 805, certiorari denied 322 U.S. 741, 64 S. Ct. 1054, 88 L.Ed. 1574. Accordingly, the case is remanded for a hearing.

In respect to the decision of Judge Knight that Morgan could not seek a writ of habeas corpus because he had not exhausted his state remedies, we think the view that the judge expressed was incorrect since there was no available state remedy by which Morgan could challenge the validity of his federal conviction. People v. McCullough, 300 N.Y. 107, 89 N.E.2d 335. Morgan's unsuccessful attempt to obtain a writ of error *coram nobis* in the State Court where he was sentenced exemplifies this New York rule. But since he has an availabe remedy through a writ of error *coram nobis* in the United States District Court for the Northern District, we can see no reason for discussing whether he might also avail himself of a writ of habeas corpus in the Western District. Cf. United States ex rel. Turpin v. Snyder, 2 Cir., 183 F.2d

742. Moreover, we have nothing before us but a letter from Judge Knight to Morgan indicating a return of his· application, whatever it may have been, with a statement that he had not. exhausted his state remedies. We have been furnished with no record for the appeal on which we may properly act.

Accordingly, the appeal from Judge Knight's action is dismissed.