## UNITED STATES v. DI MARTINI.

United States District Court
S. D. New York.

Dec. 31, 1953.

J. Edward Lumbard, U. S. Atty., for Southern Dist. of N. Y., Brooklyn, N. Y., for the United States, Leonard Maran, Asst. U. S. Atty., New York City, of counsel.

Florence M. Kelley, New York City, Attorney for Legal Aid Society for defendant-petitioner.

DIMOCK, District Judge.

This is a motion in the nature of a writ of error coram nobis. Petitioner, a prisoner confined in a New York State prison under sentence of a New York State court, attacks the validity of a judgment of conviction entered in this court in 1932. He challenges it on the ground that he was deprived of his right to the assistance of counsel in violation of the Sixth Amendment of the United States Constitution. His present sentence was imposed under the New York multiple offender provision, section 1941 of the New York Penal Law, N.Y.Consol.Laws, c. 40, and he alleges that his federal conviction was taken into account in fixing that sentence. He further alleges that if his federal conviction is vacated, he can seek reduction of his present state sentence.

The availability of a remedy in the nature of a writ of error coram nobis to a state prisoner who attacks the

validity of his federal conviction in order to reduce his state sentence has been established by the Court of Appeals of this Circuit. United States v. Morgan, 2 Cir., 202 F.2d 67, certiorari granted, 345 U.S. 974, 73 S.Ct. 1122, 97 L.Ed. 1389.

■ On September 13, 1932, petitioner was indicted in this Court for unlawful sale and possession of narcotics. After having changed his plea of not guilty to one of guilty, petitioner was sentenced on September 20, 1932. Petitioner alleges that he was not represented by counsel and that he was not advised of his right to the assistance of counsel. He further alleges that since it was his first experience with the law, he was ignorant of his rights.

There is nothing in the court records which contradicts these allegations. The Government admits that it was not customary in 1932, (except in very serious cases) for the Court to interrogate criminal defendants as to whether they wished counsel appointed. The Government contends, however, that it was the custom of the Assistant United States Attorney in charge of prosecuting petitioner to inform defendants of their constitutional rights including the right to counsel. Thus, whether or not petitioner was advised of his right to counsel, and whether he intelligently waived that right are issues of fact which can only be resolved by a hearing.

■ The Government contends, however, that a hearing is unnecessary because, even if petitioner was deprived of his constitutional right to counsel, he is not entitled to the relief he seeks.

First, the Government contends that petitioner has slept on his rights, and that laches is a bar to relief in the nature of coram nobis. Further, the Government argues that to entitle petitioner to the relief he seeks, he must show that a retrial will result in a judgment different from the one sought to be vacated. Here, petitioner makes no assertion that he was innocent nor does he allege any valid defense.

The Government relies on the decision of the Court of Appeals for the Seventh Circuit in United States v. Moore, 166 F.2d 102, for its position that petitioner is thus barred from relief in coram nobis. Although the Moore case was cited with approval by the Court of Appeals of this Circuit in United States v. Rockower, 2 Cir., 171 F.2d 423, it has been severely criticized,[1] and apparently rejected by the Court of Appeals of this Circuit in the recent case of United States v. Morgan, 202 F.2d 67, supra, certiorari granted, 345 U.S. 974, 73 S.Ct. 1122, 97 L.Ed. 1389.

■ In Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, the Supreme Court held that compliance with the Sixth Amendment "is an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his life or liberty", 304 U.S. at page 467, 58 S.Ct. at page 1024, and that an unconstitutional deprivation of the right to counsel "stands as a jurisdictional bar to a valid conviction and sentence", 304 U.S. at page 468, 58 S.Ct. at page 1024. Thus, the theory on which petitioner attacks his federal conviction is that the judgment was entered without jurisdiction and was therefore a nullity. A void judgment of conviction is not made valid by the fact that the accused was actually guilty, for the law presumes innocence until a valid finding of guilt is made. Nor is a void judgment validated by the passage of twenty years. See Allen v. United States, D.C.N.D.Ill., 102 F.Supp. 866, 869.

In United States v. Morgan, 2 Cir., 202 F.2d 67, supra, a state prisoner like petitioner sought a writ of error coram nobis to vacate a federal judgment of conviction which had been entered thirteen years before. Apparently, like petitioner, Morgan did not assert his innocence, but alleged only that he had

1. Note, "Post-Release Attacks on Invalid Federal Convictions: Obstacles to Redress by Coram Nobis," 63 Yale L.J. 115–31.

been deprived of the right to counsel. The Court of Appeals of this Circuit held:· "If Morgan can establish that he was deprived of his common law right to be represented by counsel at the trial in the Northern District and he in no way waived that right, there would be a proper case for allowing a writ of error *coram nobis,* since such a denial is an error of fundamental character rendering the trial invalid." Id., 202 F.2d at page 68–69.

In so ruling, the Court of Appeals of this Circuit must have been aware of the Moore and Rockower cases, supra, yet the Court did not raise the question of laches or failure to allege innocence. The only difference between the instant case and the Morgan case, supra, is that here twenty years have elapsed since the federal conviction under attack, seven years more than in the Morgan case. I do not find such a distinction significant when a conviction is attacked as invalid. I therefore follow the Morgan case and conclude that a hearing is necessary.

■ Finally, the Government contends that eliminating one conviction will not aid petitioner since, although sentenced as a second offender, he had actually been convicted three times. Petitioner seeks the elimination of the federal conviction so that he may move for resentence under the conviction which resulted in the sentence that he is now serving. This will avail him nothing, says the Government, because the sentence that he is now serving was a sentence as a second offender and a new sentence would likewise be a sentence as a second offender because two valid convictions would remain. It is argued that, since petitioner can thus gain nothing by the elimination of the federal conviction, he has no standing to attack it.

■ Neither the law nor the facts as to this contention have been sufficiently developed by the parties to permit me to reach a definite conclusion but I feel that it is unnecessary to do so since section 1495 of title 28 United States Code gives petitioner ample standing to attack the conviction. That is the provision which authorizes a suit for damages for unjust conviction and imprisonment. It is provided by section 2513 of title 28 that a person suing under section 1495 must prove that his conviction has been reversed or set aside on the ground that he was not guilty or that on new trial or rehearing he was found not guilty. Petitioner, if he succeeds in having his federal conviction set aside, may then stand trial and perhaps be found not guilty and then qualify himself for recovery of damages for unjust conviction. He cannot get such a new trial, however, without setting the old conviction aside. This financial interest in the removal of the conviction gives him, in my opinion, standing to move for its setting aside.

A hearing will be held at a time to be fixed as convenient for court and counsel.