### UNITED STATES
### v.
### DI MARTINI.

United States District Court
S. D. New York.
March 25, 1954.

---

20.   Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528.

J. Edward Lumbard, U. S. Atty. for Southern Dist. of N. Y., New York City, Leonard Maran, Asst. U. S. Atty., New York City, of counsel, for United States.

Florence M. Kelley, New York City, Attorney-In-Charge The Legal Aid Society, Milton Adler, Associate Attorney, New York City, for defendant.

DIMOCK, District Judge.

This is a motion in the nature of a writ of error coram nobis to vacate a federal judgment of conviction on the ground that petitioner was deprived of his right to the assistance of counsel in violation of the Sixth Amendment of the United States Constitution. On the basis of the petition and return, I granted a hearing. United States v. Di Martini, D.C.1953, 118 F.Supp. 601. On the basis of the hearing, the motion is denied.

On September 13, 1932, petitioner was indicted in this Court for unlawful sale and possession of narcotics. After having changed his plea of not guilty to one of guilty, petitioner was sentenced on September 20, 1932.

At the hearing of this motion, petitioner testified in his own behalf that he was not represented by counsel and that he was not advised of his right to the assistance of counsel. He further testified that it was his first experience with the law and that he was ignorant of his rights. Since petitioner has not sustained his burden of establishing that he was not represented by a lawyer, however, it is unnecessary for me to determine whether or not he was properly advised of his right to counsel.

The court records are barren of any indication as to whether or not petitioner was represented by counsel. Jonas A. Johnson, a Deputy Clerk of this Court since 1922, testified that it was the custom in 1932 not to record the names of privately retained counsel on the indictment. The then Assistant United States Attorney who was in charge of petitioner's prosecution, Mr. (now Justice) Hubert T. Delany, testified that he could recall no case in which he had participated in which the defendant was not either represented by counsel of his own choice or court appointed counsel. It is true that Judge Delany testified that he could not actually remember petitioner. Petitioner, however, identified Judge Delany as the prosecuting attorney in his case.

Thus, petitioner's controverted and uncorroborated testimony that he did not have a lawyer is the only evidence supporting his contention. Petitioner's credibility was so thoroughly impeached on cross-examination that I would find it difficult to believe any of his uncorroborated testimony even in the absence of Judge Delany's denial.

Petitioner has not overcome the presumption of the validity of his judgment of conviction. See United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247; Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461.

Motion denied.