THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BERNARD J. JAMES, Defendant.

County Court, Suffolk County, August 23, 1954.

*Hurry C. Brenner, District Attorney,* for plaintiff.

*Bernard J. James,* defendant in person.

HAZLETON, Acting County Judge. This is an application for an order in the nature of a writ of error *coram nobis,* in which the present intermediate relief sought for is an order directing the delivery of the defendant-petitioner so that he may testify in his own behalf.

It is contended by defendant that his felony conviction on June 10, 1940, and the sentence imposed is invalid upon the grounds that at no stage of the proceedings did petitioner have counsel or was advised by the court that he was entitled to court-assigned counsel if he so desired. (Code Crim. Pro., § 308.) The defendant was indigent and pleaded guilty to the charge upon which he was sentenced.

The District Attorney in his opposing affidavit admits that the court records disclose that defendant was not represented by counsel and that the record does not state whether or not defendant was advised of his right to counsel. The defendant, since his conviction in 1940, which he is now attacking, was later in 1949 again convicted of a felony and in 1951 pleaded guilty to the crime of robbery in the second degree and was sentenced for not less than ten nor more than thirty years to Sing Sing State Prison as a third offender.

The District Attorney submits in his opposing papers that he has conferred with the Judge who presided when the defendant pleaded guilty and was sentenced on June 10, 1940, and that it is the recollection of both the District Attorney and the presiding Judge that in every case where a defendant appeared before him he was advised of his right to counsel and an offer of assignment of counsel was made to him where the defendant did not have funds with which to retain counsel. The District Attorney argues that under those circumstances a reasonable conclusion is that this defendant was so advised. He then continues that in spite of the negative court records anent the claims of defendant it would be a useless gesture to have a hearing where the credibility of a third offender criminal is opposed to the credibility of the presiding Judge. It is therefore urged that this application should be denied.

However, at this stage of the proceeding no question of fact is presented and I am not required to pass upon the veracity of the presiding Judge as against the word of a perennial lawbreaker such as the defendant. If that were all with which I am now concerned no problem whatsoever would be presented. The rule which controls this application " is that a defendant is entitled to a hearing unless the District Attorney comes forward with a documentary record which refutes the contention of the defendant (*People* v. *Richetti*, 302 N. Y. 290) ". (*People* v. *Oddo*, 283 App. Div. 497, 499; *People* v. *Dalton*, 205 Misc. 755.) In the court record now under consideration there is not so much as a scintilla of evidence to show that defendant either had counsel or was so much as apprised of his right to same.

Therefore, it follows that I must at least grant the defendant his hearing at which time I will pass upon any question of fact that may be presented.

Submit order accordingly on notice.