Robert HAYWOOD, Petitioner,

v.

UNITED STATES of America, Respondent.

United States District Court, S. D. New York.

Dec. 29, 1954.

**486**

Florence M. Kelley, Legal Aid Society, New York City, for petitioner Charles Schinitsky, designated specially for the motion, of counsel.

J. Edward Lumbard, U. S. Atty., New York City, for respondent Myles J. Ambrose, Asst. U. S. Atty., New York City, of counsel.

WEINFELD, District Judge.

The petitioner moves to set aside a judgment of conviction entered in May 1940 upon his plea of guilty to a three-count indictment charging narcotic violations. His application is labeled "A Writ of Error Coram Nobis Pursuant to Title 28 Sec 2255 U.S.C.A." The motion will be treated in the nature of a writ of error coram nobis.[1] Petitioner charges that his plea of guilty was void and violated his constitutional rights in that (1) he was deprived of his right to counsel under the Sixth Amendment of the United States Constitution; and (2) he did not competently and intelligently waive this right. He further alleges that he was then twenty years of age without any prior police record or Court experience of any kind and without knowledge of law.

The sentence under the judgment of conviction so entered in 1940 was suspended and petitioner was placed under probation for two years. There appears to have been no violation of the terms of probation and the power of the Court to punish the petitioner has long been exhausted.

Petitioner is now serving a ten-year sentence imposed upon him as a third offender under the mandatory provisions of the Boggs Act.[2] If the 1940 judgment is set aside, then petitioner under his most recent conviction is a second, and not a third, offender.

The lapse of time presents a problem since the Court Reporter's minutes and the case file in the United States Attorney's Office have long been destroyed. Those records which are available, the Clerk's docket, the original indictment, and the United States Attorney's Criminal Clerk's docket, do not contain any

1. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247; Darr v. Burford, 339 U.S. 200, 203–204, 70 S.Ct. 587, 94 L.Ed. 761; United States ex rel. Bogish v. Tees, 3 Cir., 211 F.2d 69, 72.

2. 26 U.S.C. § 2557(b) (1).

entry or notation that petitioner was represented by counsel or that he waived his right to counsel.

An affidavit upon information and belief has been filed by the Assistant United States Attorney now in charge of this matter. He has interviewed both the Judge before whom the plea was taken and who imposed sentence and the Assistant United States Attorney then in charge of the case. He avers that neither has any recollection of the matter. Both state that it was the Court's invariable practice to inform defendants of their right to counsel, and if they were without funds, to appoint a member of the Bar present in the Court Room to represent them; that no plea was accepted until such counsel had conferred with the defendant. The omission from the existing records of any notation as to defense counsel, it is stated, was "not unusual for that time" in those instances where counsel was assigned by the Court.

██ Thus, substantial questions of fact are raised: (1) whether petitioner was deprived of his right to counsel; and (2) whether he intelligently waived that right, which clearly are not resolved by the available records.

██ The government contends, however, that a hearing is not compelled because in no event is petitioner entitled to relief. Three separate obstacles are urged: (1) petitioner is guilty of laches; (2) he fails to allege his innocence of the crime charged in the indictment; and (3) he is foreclosed by his failure to raise his objection when sentenced as a third offender. While there are authorities which support these contentions,[3] I am persuaded that their force has been impaired by the later ruling in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247. Moreover, one of the cases, United States v. Rockower, 2 Cir., 171 F.2d 423, decided by our Court of Appeals, inferentially, at least, appears to have been overruled when it decided the Morgan case.[4]

██ If, as petitioner alleges, he was deprived of his right to counsel and did not competently and intelligently waive this right, then the judgment rendered was a nullity, for the Supreme Court has held that compliance with the Sixth Amendment is "an essential jurisdictional prerequisite" to a valid conviction and sentence.[5] A judgment, void ab initio, does not become vitalized by the mere passage of time. If void when entered it is void for all times.[6]

 Nor is the argument for the importation of the doctrine of laches into coram nobis entirely convincing. The passage of time may indeed present obstacles to renewed prosecution of the old charge, but a defendant who has served his sentence on the challenged conviction bears the burden of overcoming the validity of the judgment which carries with it a presumption of regularity and is not lightly to be set aside.[7] The pas-

---

3. Farnsworth v. United States, 91 U.S. App.D.C. 121, 198 F.2d 600; United States v. Rockower, 2 Cir., 171 F.2d 423; United States v. Moore, 7 Cir., 166 F. 2d 102. These cases have been sharply criticized, Note, Post Release Attack on Invalid Federal Convictions: Obstacles to Coram Nobis, 63 Yale L.J. 115 (1953). And other Courts have taken a different view. United States v. Morgan, 2 Cir., 202 F.2d 67; Garrison v. United States, 5 Cir., 154 F.2d 106; United States v. Steese, 3 Cir., 144 F.2d 439.

4. 202 F.2d 67.

5. Johnson v. Zerbst, 304 U.S. 458, 467–468, 58 S.Ct. 1019, 1024, 82 L.Ed. 1461. The fact that defendant did not contest the government's case but pleaded guilty and further that the imposition of sentence was suspended did not deprive him of his right to counsel. "Only counsel could discern from the facts whether a plea of not guilty to the offense charged * * * would be appropriate." Williams v. Kaiser, 323 U.S. 471, 475–476, 65 S.Ct. 363, 366, 89 L.Ed. 398.

6. United States v. Di Martini, D.C.S.D. N.Y., 118 F.Supp. 601, 602; Allen v. United States, D.C.N.D.Ill., 102 F.Supp. 866, 869. See also Garrison v. United States, 5 Cir., 154 F.2d 106; United States v. Steese, 3 Cir., 144 F.2d 439.

7. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247; Johnson v. Zerbst, 304 U. S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

sage of time presents the same obstacles to him in attempting to sustain this burden as it would to the government in a revived prosecution should he successfully invalidate his prior conviction.[8] Nor is it to be overlooked that a petitioner has fully served the sanctions, whether imprisonment or otherwise, imposed upon him under the judgment which he contends is void. Additionally, a defendant who successfully attacks the validity of his prior conviction subjects himself to the possibility of additional punishment. In the event of retrial and conviction, he can again be sentenced for the same offense.[9] Finally, if laches were to constitute an estoppel or defense it would in effect make a dead letter of the ancient writ. In most instances where invalidity of a conviction is asserted on the ground the defendant was deprived of his right to counsel, the facts upon which the infirmity is predicated are in existence and known to the petitioner at or shortly after the entry of the judgment. A defendant is not moved, as this defendant was not, to vacate the alleged tainted judgment until its impact has again affected him.

The further contention that the petition is inadequate because innocence is not asserted must also fail. Constitutional safeguards apply to all— the guilty as well as the innocent.[10] One imprisoned under a void judgment is just as improperly deprived of his liberty as the most innocent person. Further, the law presumes innocence until a valid judgment of conviction is entered. If the petitioner can prove that no valid judgment of guilt was rendered, the presumption obviates any necessity for proof of innocence.[11]

Whatever questions there may have been as to the necessity for allegations of innocence and freedom from laches were settled by United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247. There, a state prisoner, without alleging innocence or explaining why he slept on his rights, applied for a writ of coram nobis to vacate a federal conviction rendered thirteen years before.[12] In affirming the Court of Appeal's decision, the Supreme Court pointed out that one of the hallmarks of the writ of coram nobis is its availability "without limitation of time for facts that affect the 'validity and regularity' of the judgment".[13] To permit a defense of laches to the writ would, in effect, denude it of one of its essential characteristics—the power to hurdle a time factor.[14]

The sole difference between the Morgan case and this one is that here petitioner waited an additional year before making his application—hardly a significant distinction.[15] Since Morgan's application was subject to the very infirmities upon which the government now relies, it is evident that they are insufficient to defeat a writ of error coram nobis. Thus, the sole question presented by petitioner's application for the writ is whether his first conviction was void for constitutional infirmity.

Finally, the government, relying on Gayes v. State of New York, 332 U.S. 145,

8. Note, 63 Yale L.J. 115, 121–122 (1953); Note, The Need for Coram Nobis in the Federal Courts, 59 Yale L.J. 786 (1950).

9. Murphy v. Commonwealth of Massachusetts, 177 U.S. 155, 20 S.Ct. 639, 44 L. Ed. 711.

10. Cf. McNabb v. United States, 318 U.S. 332, 347, 63 S.Ct. 608, 87 L.Ed. 819; People v. Richetti, 302 N.Y. 290, 295, 97 N.E. 2d 908.

11. United States v. Di Martini, D.C.S.D. N.Y., 118 F.Supp. 601, 602; Allen v. United States, D.C.N.D.Ill., 102 F.Supp. 866, 868–869.

12. United States v. Morgan, 2 Cir., 202 F. 2d 67, Record on Appeal, pp. 12–13.

13. United States v. Morgan, 346 U.S. 502, 507, 74 S.Ct. 247, 250.

14. It is not without significance that the dissenting Justices emphasized both the passage of time and the absence of any allegation of innocence. Dissenting opinion of Minton, J., 346 U.S. 514, 518, 74 S.Ct. 254.

15. Cf. United States v. Di Martini, D.C. S.D.N.Y., 118 F.Supp. 601.

67 S.Ct. 1711, 91 L.Ed. 1962, contends that petitioner may not now challenge the validity of his first conviction because he failed to do so when sentenced as a third offender under the Boggs Act. I am, however, of the view that this quasi-estoppel doctrine is not applicable here. In the Gayes case the petitioner was appealing from a State Court denial of coram nobis and the Supreme Court held that the Federal Constitution did not require issuance of the writ where the petitioner, at the time of the second sentence, had a full opportunity to challenge the validity of the prior state conviction. Thus, the Gayes case merely held that the Fourteenth Amendment of the Federal Constitution is not offended by the denial of relief by a State Court where an earlier opportunity to obtain the relief existed but was not availed of by the defendant.[16]

Thus, the Gayes case was concerned with a question of due process under state procedure. Its applicability to federal convictions which are challenged for constitutional infirmity is undermined by another factor. It is questionable whether in view of the express provision of the Boggs Act a defendant may, at the time of sentence, as an alleged multiple offender, raise any issue with respect to a prior conviction other than that of identity.[17] Since the Court records do not show whether petitioner was represented by counsel, or whether he compe-

tently waived that right, the matter should not be decided upon submitted papers, but only after a hearing to inquire into these issues.[18]

Accordingly, the Court, pursuant to petitioner's request, will appoint counsel to assist him in the presentation of the facts upon a hearing which will be held on a date to be fixed in the order to be entered.

Settle order on notice.

---

16. The view advanced by Mr. Justice Frankfurter did not have the support of a majority of the Court. Four justices dissented. Mr. Justice Burton, whose concurrence produced the judgment upholding the State Court's ruling, simply concurred in the result. The minority sharply questioned Mr. Justice Frankfurter's interpretation of New York State's procedure that petitioner was free to raise the infirmity of the prior conviction at the time of the second sentence and in that forum; it contended that this was contrary to established procedure. (Dissenting opinion of Mr. Justice Rutledge. See also footnotes 11 and 12.) The minority's contention that the correct procedure under New York law was for petitioner to "first overturn his first conviction in the court where it was obtained, before he can attack the second sen-

tence founded in part upon that conviction", 332 U.S. at page 152, 67 S.Ct. at page 1715, appears to find full support in Bojinoff v. People, 299 N.Y. 145, 85 N.E.2d 909, decided by the Court of Appeals subsequent to the ruling in the Gayes case.

17. 26 U.S.C. § 2557(b) (1) ; 21 U.S.C.A. § 174. Cf. People v. Gowasky, 244 N.Y. 451, 155 N.E. 737, 58 A.L.R. 9.

18. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Johnson v. Zerbst, 304 U.S. 458, 469, 58 S.Ct. 1019, 82 L.Ed. 1461; Garrison v. United States, 5 Cir., 154 F.2d 106; United States v. Di Martini, D.C.S.D.N.Y., 118 F.Supp. 601; Allen v. United States, D.C.N.D.Ill., 102 F.Supp. 866; People v. James, 206 Misc. 464, 132 N.Y.S.2d 884.