**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Nick DI MARTINI, Defendant-**
**Appellant.**

**No. 23241.**

United States Court of Appeals,
Second Circuit.

Motion Submitted Feb. 2, 1955.

Decided Feb. 10, 1955.

against him on factual issues; and no question of law remains. And specifically on defendant's request for permission to proceed in forma pauperis, he has shown no statutory grounds for its grant.

Accordingly defendant's motion must be denied in full.

———◆———

Nicholas Martini, pro se.

Myles J. Ambrose, Asst. U. S. Atty., New York City, in opposition.

Before CLARK, Chief Judge, and L. HAND and FRANK, Circuit Judges.

### PER CURIAM.

We are asked to vacate our dismissal—entered October 4, 1954, on motion of the United States for lack of prosecution—of defendant's appeal from denial of relief in the nature of coram nobis from a conviction in the court below entered in 1932 and duly served. Defendant is presently confined in a New York State prison under state sentence under its multiple offender law, and seeks this relief as a basis for amelioration of his state sentence. Judge Dimock first decided that defendant was entitled to a full hearing, United States v. Di Martini, D.C.S.D.N.Y., 118 F.Supp. 601, and then, after it had been accorded, concluded that defendant had not proved his contention of being unlawfully deprived of counsel on the occasion of his conviction below. D.C.S.D.N.Y., 120 F.Supp. 907.

While defendant's assertions of lack of notice of the government's motion to dismiss may not appear overconvincing, we should not stop with this if we could discover merit in his appeal; we are accustomed to make various concessions of time to prisoners in confinement. But we can see no merit in the appeal. Whether fully entitled or not, defendant has had an extensive hearing, including full testimony, before an experienced and patient trial judge who has decided