UNITED STATES of America, Plaintiff-Appellee,

v.

Robert Patrick MORGAN, Defendant-Appellant.

No. 170, Docket 23264.

United States Court of Appeals Second Circuit.

Argued April 15, 1955.

Decided May 19, 1955.

Jacob Abrams, New York City, for appellant.

Theodore F. Bowes, U. S. Atty., for Northern Dist. of New York, Syracuse, New York (Charles J. Miller, Syracuse, N. Y., on the brief), for appellee.

In 1939, Robert Patrick Morgan pleaded guilty in the United States District Court for the Northern District of New York to an eight-count indictment involving mail theft. He was sentenced by Judge Bryant to a four-year term on each of the counts, the sentences to run concurrently. Those sentences have now been served.

In 1950, Morgan pleaded guilty in the Onondaga County Court, New York, to the crime of attempted burglary. He was sentenced, under the New York Multiple Offender Law, Penal Law § 1941, McKinney's Consolidated Laws, c. 40, as a second offender. The 1939 federal conviction was the basis of the determination of Morgan's status as a second offender.

In 1952, he applied to the United States District Court in which he had been sentenced in 1939 for a common-law writ of error coram nobis, alleging that his conviction by that court was void since he was not represented by counsel or advised of his right to be so represented. The judge, treating the application as a motion brought under 28 U.S.C. § 2255, denied it, since appellant was no longer in federal custody. This court reversed and remanded for further hearings. 202 F.2d 67. The Supreme Court affirmed. 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.

Judge Brennan then held a hearing and entered an order denying the application for a writ of coram nobis, 122 F.Supp. 623, 626. From that judgment this appeal is taken.

Before FRANK, MEDINA and STALEY, Circuit Judges.

FRANK, Circuit Judge.

1. The district judge made a finding of fact that, when pleading guilty, Morgan "was not advised of his right to counsel, and that he did not intelligently waive such right".[1] As this finding rests on Morgan's oral testimony, it is not "clearly erroneous" and must stand. Despite this finding, the judge denied relief because Morgan (a) made no showing of his innocence, and (b) had too long slept upon his rights.[2] We think the judge erred.

2. Under the Sixth Amendment (as distinguished from the Fourteenth), a defendant's assistance by counsel in a criminal trial is an absolute right. Absent an intelligent waiver of that right, such assistance represents an indispensable basis of a conviction in a federal court. A conviction in a case where the defendant has not enjoyed that fundamental right is void.[3] His imprisonment also violates the Thirteenth Amendment which forbids involuntary servitude, except as "punishment for crime," since no punishment for crime can be valid unless after a valid trial or a valid plea of guilty.

To hold that this defendant can be relieved of an unconstitutional conviction only if he makes a showing of innocence (or a showing that probably he would be acquitted at a constitutionally conducted trial) would be to compound the unconstitutionality of his conviction, for it

---

1. The judge said: "The petitioner's evidence to show that he was not advised of his right to counsel, and that he did not intelligently waive such right, is not directly contradicted. The Court must find according to the petitioner's contention."

2. The sentencing judge and others, except Morgan, familiar with the facts of Morgan's conviction, had died before Morgan applied for the writ.

3. Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461. The appellant's conviction in 1939 was more than a year after the Supreme Court opinion in that case.

Of course, the conviction is not void in the sense that the defendant may disregard the conviction before it has been judicially declared invalid.

would shift to him the burden of proof, deprive him of the presumption of innocence, and leave the determination of his guilt or innocence to a judge, thus denying him of a jury trial. Surely one unconstitutional deprivation cannot justify still others. When a defendant is sent to jail without the semblance of a trial, his release does not depend on his establishing his innocence. No more does it here.

It will not do to reason that (1) as he does not assert his innocence, he was probably guilty, and that (2) since he must therefore be deemed guilty, it matters not that he was convicted unlawfully. Such reasoning would warrant punishment before trial; even Coke, usually hard-hearted, said, in discussing "due process of law," "The philosophical poet [4] doth notably describe the damnable and damned proceedings of the judge of hell. * * * First he punisheth and then he heareth * * *; but good judges and justices abhor these courses." [5]

3. The passage of many years does not cure a void conviction.[6] Morgan spent four years in a federal jail under a sentence unlawfully imposed. Those years cannot be undone, for we mortals are unable to enable him to relive them out of jail or to add equivalent years to his span of life. The least we can do is to wipe out the record of conviction and its consequences.[7]

It may be that, if a defendant, knowing his right to obtain relief from such a conviction, waited to apply for it until all witnesses other than the defendant have died, he would have a very heavy burden of proof with respect to the facts on which such relief must rest. However, we need not here so decide. For here, until February 1953, when we decided United States v. Morgan, 2 Cir., 202 F.2d 67, few lawyers—and surely no laymen like defendant—thought such relief available; and, as late as January 4, 1954, four Justices of the Supreme Court believed it was not; see United States v. Morgan, 346 U.S. 502, 513, 74 S.Ct. 247, 98 L.Ed. 248. Accordingly, defendant, from the time of his conviction in December 1939 until he filed his application for a writ in February 1952, did not "sleep on his rights." At any rate, his somnolence cannot count against him, as he evidenced marked diligence from the moment when he could reasonably have been expected to awake.[8]

We have disregarded cases, opposed to our conclusions,[9] which ante-dated United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. We commend Morgan's able court-appointed counsel; without his aid, we would not have been prompted to hold (as we did on the first appeal), that the common law writ still lived.

Reversed.

---

4. Virgil.

5. Coke, Second Institute, 54–55.

6. See Haywood v. United States, D.C., 127 F.Supp. 485, 487; United States v. Di Martini, D.C., 118 F.Supp. 601, 602; Allen v. United States, D.C., 102 F.Supp. 866, 868. Cf. Note 63, Yale 115 (1953).

7. As to the consequences, see United States v. Morgan, 346 U.S. 502, 512–513, 74 S.Ct. 247, 98 L.Ed. 248.

8. Cf. Northern Pacific Ry. v. Boyd, 228 U.S. 482, 508–510, 33 S.Ct. 554, 57 L.

Ed. 931; Southern Pacific Co. v. Bogert, 250 U.S. 483, 488–490, 39 S.Ct. 533, 63 L.Ed. 1099.

9. See, e. g., United States v. Moore, 7 Cir., 166 F.2d 102; United States v. Rockower, 2 Cir., 171 F.2d 423; Farnsworth v. United States, 91 U.S.App.D.C. 121, 198 F.2d 600; dictum in U. S. ex rel. Farnsworth v. Murphy, 2 Cir., 207 F.2d 885, 886–887.

We do not agree with the concurring opinion in Gordon v. United States, 5 Cir., 216 F.2d 495, 498–499.