UNITED STATES of America, Appellee,

v.

Joseph CASTELLI, a/k/a Giuseppe Gagliano, Petitioner-Appellant.

No. 388, Docket 27325.

United States Court of Appeals Second Circuit.

Argued June 15, 1962.

Decided July 10, 1962.

Elmer Fried, Fried & Mailman, New York City, for petitioner-appellant.

Richard A. Givens, New York City, Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, Andrew T. McEvoy, Jr., Asst. U. S. Atty., for appellee.

Before FRIENDLY, SMITH and MARSHALL, Circuit Judges.

PER CURIAM.

In 1927 appellant was convicted, on a plea of guilty before Judge Knox in the Southern District of New York, of unlawful sale of heroin. He received a one year sentence. In 1955, the 1927 conviction became the basis for appellant's deportation; he then reentered illegally. Now facing a new deportation proceeding, he made an application in the nature of *coram nobis* to vacate the 1927 conviction, United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), primarily on the ground that, although innocent, he neither had nor was offered the assistance of counsel.[1] Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941). Judge Murphy denied the application after a hearing, and Castelli appeals.

For direct proof of his claim in regard to lack of counsel, Castelli relied wholly on his own testimony. He made no effort to obtain testimony from Judge Knox, based on notes the judge might have with respect to the receipt of Castelli's guilty plea or on the judge's recollection of the general practice in 1927 as to interrogating criminal defendants with respect to the assignment of counsel. Neither did Castelli seek to buttress his testimony by calling any other witnesses with personal knowledge of the latter subject. The Government countered, among other things, with Castelli's admission that he had not previously claimed innocence or lack of counsel, even at the time of his prior deportation proceeding, and with testimony of Jonas A. Johnson, a deputy clerk in the Southern District since 1922, that the regular practice in 1927, save in prohibition cases, was for the court to inquire whether an accused appearing without an attorney had counsel or desired the court to assign counsel. Appellant rejoined with an affidavit of a former assistant United States attorney, submitted in a 1953 proceeding, that this was not the practice, information which the former assistant thought came from Johnson, see United States v. DiMartini, 118 F.Supp. 601, 602 (S.D.N.Y.1953), but see id., 120 F.Supp. 907, 908 (S.D. N.Y.1954); Johnson denied making the statement so attributed to him.

Judge Murphy based his denial of the application on his disbelief of Castelli. The latter now alleges various errors in the judge's opinion, which was prepared without benefit of the trial minutes that were ordered for the appeal; with one unimportant exception, the claimed errors are really disagreements with Judge Murphy's conclusions. Castelli's testimony makes it apparent that, to say the least, his recollection of what happened on June 29, 1927 was vague in the extreme, as almost anyone's would be. If the judge chose to disbelieve what little Castelli did recall and to accept Johnson's testimony, that was his prerogative, Broadcast Music, Inc. v. Havana Madrid Restaurant Corp., 175 F.2d 77, 80 (2 Cir. 1949); Mayer v. Zim Israel Navigation Co., Ltd., 289 F.2d 562 (2 Cir. 1960), cert. denied, 368 U.S. 889, 82 S.Ct. 140, 7 L.Ed.2d 88 (1961); Guzman v. Pichirilo, 82 S.Ct. 1095 (1962). Whether there are grounds for the exercise of discretionary authority to suspend Castelli's deportation because of this old conviction, 8 U.S.C.A. § 1254, is not for us to say.

Affirmed.

[1] A claim was also made that his knowledge of English was so limited that he did not understand the proceedings. This was not pressed at the argument before us; in any event the district judge was warranted in rejecting it, as he did.