UNITED STATES of America

v.

Nicholas FORLANO, Defendant.

United States District Court
S. D. New York.
Dec. 10, 1962.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, Thomas F. Shea, Asst. U. S., Atty., of counsel, for the United States.

Philip Dinitz, Brooklyn, N. Y., for petitioner.

DAWSON, District Judge.

This is an application to set aside a judgment of conviction of the defendant Nicholas Forlano which followed his plea of guilty in this court on March 25, 1935.

It appears that on March 25, 1935 an indictment was filed charging this defendant, together with one Earl Edwards, with six counts of sale and possession of heroin. On that day the defendant Forlano pleaded guilty to all six counts. The plea of guilty was entered before the Honorable Carroll C. Hincks, who was then sitting as a judge of this court. On April 3, 1935 the defendant was referred to the Probation Department for a presentence report. On April 10, 1935 the defendant was sentenced on all six counts of the indictment by Judge Francis G. Caffey. He was sentenced to eighteen months imprisonment on counts one and two to run concurrently. He was sentenced to two years on counts three, four, five and six but sentence on these counts was suspended and he was placed on probation for two years.

The motion to vacate this conviction and sentence, now made some twenty-seven years after the event, is made upon the basis that defendant at the time of the plea and sentencing neither had nor was offered the assistance of counsel. See Walker v. Johnston, 312 U.S. 275, 615 S.Ct. 574, 85 L.Ed. 830 (1941).

For direct proof of his claim in regard to lack of counsel, Forlano relied principally upon his own testimony. He testified that he appeared in court in response to the indictment without the assistance of counsel and pleaded guilty. He admitted on cross-examination that before appearing in court he had consulted with an attorney, David M. Markowitz, who at that time was representing him in another proceeding in a state court. He said that Mr. Markowitz was too busy to appear in federal court for him and that Mr. Markowitz did not appear when he pleaded guilty or when he was sentenced.

Mr. Markowitz was also called as a witness for Forlano. He is an able member of the bar with considerable experience in criminal cases. He testified that he had been consulted by Forlano in connection with a case pending in this court in 1935; that he remembered that he was representing Forlano at that time in proceedings in a state court. He testified that his diary showed an engagement in this court on March 25, 1935 for Forlano but that on looking at his diary he concluded from the entry therein that he, Markowitz, did not appear on that day but that Forlano did appear and had pleaded guilty on that day. He stated that he had no entry in his diary in connection with an engagement in this case on April 10, 1935, the day on which Forlano was sentenced. He has no file about this case, having destroyed all the old records of his office.

The Government introduced in evidence the United States Attorney's Criminal Docket with reference to this case which indicated that the attorney for Forlano was David M. Markowitz of Brooklyn, New York. No indication appeared therein as to whether the attorney was present at the time the plea was taken or at the time that sentence was imposed. The Government offered an affidavit from Jonas A. Johnson, now retired but formerly employed from 1932 to 1955 as Chief Criminal Clerk of this court. His affidavit indicates that the invariable practice in Criminal Part I during the period he served as Chief Clerk was that when a case was called the Clerk of the Court would ask the defendant if he had an attorney; if the defendant answered in the negative it was the uniform practice of the court to ask the defendant if he wished an attorney to be assigned to him, and if he made such request the court would assign an attorney; if the defendant replied that he did not want an attorney he would be advised by the court of his right to counsel.

In the present case the defendant undoubtedly had consulted counsel in connection with this indictment. He admitted this fact and Mr. Markowitz testified to this effect. The fact that Mr. Markowitz did not appear on the day when the defendant pleaded is no indication that defendant had not received legal advice. The defendant had had experience in criminal courts in this vicinity, apparently having been involved in previous criminal proceedings. He undoubtedly knew of his right to counsel. If defendant wished not to avail himself of the right to have counsel present but instead to plead guilty on his own, after having consulted with counsel, he cannot claim that he was deprived of legal advice.

■ It is to be noted that over twenty-seven years have gone by since the events took place which are in question in this matter. During this period of time the defendant has made no attempt to set aside this conviction. It now appears that he has recently been indicted in the state courts on another offense and that if he is convicted on that offense he may be sentenced as a second offender, which gives him reason to seek to set aside the instant conviction. Under the circumstances the petitioner has a very strong burden to sustain in seeking to set aside this old conviction. The one man who might be able to shed some light on the matter, either through his notes or his recollection of procedures in effect at the time in question, would be Judge Carroll Hincks, who presided at the time the plea was taken. Judge Caffey, who imposed sentence, is now dead. Petitioner has made no effort to get the testimony of Judge Hincks.

■■ The Court concludes that petitioner has not met the burden which he has of proving by a preponderance of the evidence that he neither had nor was offered the assistance of counsel at the time of his plea or sentencing. His testimony on this point was unconvincing. His failure to take the testimony of Judge Hincks emphasizes this fact. He had the burden of establishing his position by a preponderance of the evidence.

Walker v. Johnston, 312 U.S. 275 (1941), at p. 286, 61 S.Ct. 574, at p. 579.[1]

The petition is denied. See United States v. Castelli, 306 F.2d 640 (2d Cir. 1962), cert. denied, 83 S.Ct. 290.

---

1. " * * * On a hearing he would have the burden of sustaining his allegations by a preponderance of evidence."