

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-1994

# USA v. Nahodil

Precedential or Non-Precedential:

Docket 93-7519

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"USA v. Nahodil" (1994). *1994 Decisions.* Paper 152.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/152

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 93-7519

_____


UNITED STATES OF AMERICA,

Appellee

vs.

DAVID L. NAHODIL,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 90-00306)

_____

Submitted Under Third Circuit LAR 34.1(a)
June 22, 1994

Before:  BECKER and HUTCHINSON, Circuit Judges,
and JOYNER, District Judge.[*]

(Filed:   October 4, 1994)

DAVID M. BARASCH
United States Attorney
GEORGE J. ROCKTASHEL
Assistant United States Attorney
Post Office Building
Third & Market Streets
Lewisburg, PA  17837
Attorneys for Appellee

DAVID L. NAHODIL
Frackville SCI
1111 Altamont Boulevard

_____

[*].    The Honorable J. Curtis Joyner, United States District
Judge for the Eastern District of Pennsylvania, sitting by
designation.

Frackville, PA 17931
Appellant Pro Se

---

**OPINION OF THE COURT**

---

BECKER, Circuit Judge.

David L. Nahodil, proceeding pro se, appeals from an order of the district court summarily denying his motion brought pursuant to 28 U.S.C. § 2255 to set aside his conviction of using a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1), on the ground that his counsel was ineffective at a guilty plea hearing. The appeal turns on the distinction between the meaning of "prejudice to the government" in two contexts: (1) a § 2255 motion involving a claim of ineffective assistance of counsel in the plea proceeding; and (2) a proceeding to withdraw a guilty plea in the underlying criminal case. We conclude just as in Vasquez v. Hillery, 474 U.S. 254, 264-65, 106 S. Ct. 617, 624 (1986), which dealt with proceedings under 28 U.S.C. § 2254, that the appropriate prejudice determination under § 2255 (where ineffective assistance of counsel is claimed) encompasses not the government's facility in retrying the petitioner -- an important consideration in proceedings to withdraw the guilty plea -- but only its capacity to respond suitably to the petition. Because the district court applied the wrong standard, and because the record does not show conclusively that Nahodil is not entitled to relief,

we will vacate the district court's order and remand for a hearing on the § 2255 motion.

## I.

In May 1991, Nahodil pled guilty to the firearms charge. On June 14, 1991, he moved to withdraw his guilty plea. Although the district court found fair and just reasons to allow Nahodil to withdraw his plea, it denied his motion because of its conclusion that the government would be prejudiced due to the intervening death of the government's key witness, and sentenced him to sixty months imprisonment. See United States v. Nahodil, 776 F. Supp. 991, 996 (M.D. Pa. 1991). We affirmed both rulings in an unpublished opinion. See 972 F.2d 1334 (3d Cir.), cert. denied, 113 S. Ct. 672 (1992).

Nahodil, who is currently serving a state sentence and has not yet begun serving his federal sentence, moved under § 2255 to vacate the guilty plea. The district court dismissed the § 2255 motion without ordering a response or a hearing, and certified, pursuant to 28 U.S.C. § 1915(a), that any appeal would be deemed frivolous and not taken in good faith. Nahodil filed a timely notice of appeal. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

The discretion of the district court summarily to dismiss a motion brought under § 2255 is limited to cases where the motion, files, and records "`show conclusively that the movant is not entitled to relief.'" United States v. Day, 969 F.2d 39, 41-42 (3d

Cir. 1992) (quoting Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)).  We review the district court's decision to do so for abuse of discretion.  See id.

Nahodil's principal claim is that his counsel was ineffective for improperly advising him to enter a plea of guilty despite his repeated objections to doing so.[1]  A § 2255 motion is a proper and indeed the preferred vehicle for a federal prisoner to allege ineffective assistance of counsel.  See United States v. Sandini, 888 F.2d 300, 311-12 (3d Cir. 1989), cert. denied, 494 U.S. 1089, 110 S. Ct. 1831 (1990); cf. United States v. DeRewal, 10 F.3d 100, 103-04 (3d Cir. 1993) (holding that in a § 2255 motion alleging ineffective assistance of counsel the petitioner need not first raise the issue on direct appeal and need not show "cause and prejudice"), cert. denied, 114 S. Ct. 1544 (1994).  To show that ineffective assistance of counsel made his or her guilty plea involuntary, the movant must show that (i) his or her counsel's representation fell below an objective standard of reasonableness demanded of attorneys in criminal cases; and (ii) there is a reasonable probability that, but for counsel's errors, he or she would have proceeded to trial instead of pleading guilty.  See Hill v. Lockhart, 474 U.S. 52, 56-59, 106 S. Ct. 366, 369-70 (1985).

---

[1].    Nahodil raises additional claims of ineffective assistance, but because we are remanding the case to the district court, we express no opinion as to their merits.

II.

The record substantiates Nahodil's claim that he was quite reluctant to plead guilty. First, he did not want to admit at the plea hearing that he used a gun "during and in relation to a drug trafficking offense." 18 U.S.C. § 924(c)(1) (emphasis supplied). Second, he interrupted the hearing numerous times to confer with his attorney. Third, Nahodil experienced great difficulty with his decision to plead guilty, see Nahodil, 776 F. Supp. at 992-93, 996, and at one point during the plea hearing he attempted to enter a plea of nolo contendere, which the district court rejected.

Nahodil's reluctance to plead guilty and his claim to innocence may have a substantial basis in fact. He protests that he retrieved the firearm, a combination rifle/shotgun stashed in a wall rack, as a conversation piece rather than to threaten anyone, and that its retrieval had no relation to the drug transaction, which involved acquaintances in a small rural city. Indeed, when denying the motion to withdraw the guilty plea, the district court observed that "although it appears that circumstances surrounding Nahodil's possession of the . . . firearm . . . would be sufficient to support a jury verdict against him . . ., a jury could still acquit Nahodil of the charge if it found his explanation credible." Nahodil, 776 F. Supp. at 996. Nevertheless, in the order denying the § 2255 motion, the district court stated that, "[r]egardless of the advice of counsel, petitioner made a knowing and voluntary plea." Order at 2 (July 15, 1993).

Under the Hill v. Lockhart standard, see supra at **Error! Bookmark not defined.**, the quality of the advice that Nahodil's counsel gave him during the plea hearing determines the voluntariness of his guilty plea.  The record at this stage does not disclose what that advice was.  It does impart, however, that Nahodil's attorney did not request a continuance despite Nahodil's oft repeated protestations of innocence and his considerable reluctance to plead guilty, and that his attorney did not ask to confer with him after the court rejected his plea of nolo contendere.  Thus, the brief record does not preclude a finding that the content of his counsel's advice fell below the range of competence demanded of criminal defense counsel.  Accordingly, unless the appeal may be disposed of on the prejudice prong, see infra, we are constrained to hold that the court abused its discretion by precipitously denying the § 2255 motion without first holding a hearing to find the relevant facts, see United States v. Giardino, 797 F.2d 30, 32-33 (1st Cir. 1986).

III.

A.

If the district court determines that Nahodil's attorney's advice fell below an objective standard of reasonableness, it must next determine whether that infirm advice prejudiced Nahodil. Hill, 474 U.S. at 58–59, 106 S. Ct. at 370. Prejudice results from ineffective assistance of counsel at a plea hearing if there was a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty but instead would have insisted on proceeding to trial. See Hill, 474 U.S. at 59, 106 S. Ct. at 370.

Nahodil's claim that "defense counsel improperly advised [him] to enter a plea of guilt[y] to the charges despite petitioner's repeated objections to doing so, and with clear understanding that [he] would not agree to admit his guilt to the charges," implies that he would have proceeded to trial had his attorney not advised him to plead guilty. As we have noted, his presently asserted desire to have stood trial has a plausible foundation in the record, meaning that we can not rule out that there was a reasonable probability that but for his counsel's allegedly constitutionally deficient advice he would have proceeded to trial. He has therefore alleged the requisite prejudice to himself to warrant a hearing on his § 2255 motion. We turn to the question of prejudice to the government.

B.

Rule 9(a) of the Rules Governing § 2255 Proceedings provides:

> **Delayed Motions.** A motion for relief made pursuant to these rules may be dismissed if it appears that the government has been prejudiced in its ability to respond to the motion by delay in its filing unless the movant shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the government occurred.

A § 2255 motion is the federal equivalent of a state habeas petition filed pursuant to 28 U.S.C. § 2254. The language of Rule 9(a) pertaining to prejudice to the government tracks that of Rule 9(a) of the Rules Governing § 2254 Proceedings. In a habeas proceeding under § 2254, the appropriate prejudice determination does not encompass the government's facility in retrying the petitioner, but just embraces its capacity to respond suitably to the petition. See Vasquez v. Hillery, 474 U.S. 254, 264-65, 106 S. Ct. 617, 624 (1986).

Because, as indicated, the two versions of Rule 9(a) are practically indistinguishable, the discussion in Vasquez regarding the suitable inquiry as to prejudice to the government applies to both federal and state habeas petitions. Cf., e.g., Reed v. Farley, 114 S. Ct. 2291, 2299-300 (1994) (stating that "`§ 2255 was intended to mirror § 2254 in operative effect'" (quoting Davis v. United States, 417 U.S. 333, 344, 94 S. Ct. 2298, 2304 (1974))); Kaufman v. United States, 394 U.S. 217, 224-27, 89 S. Ct. 1068, 1073-74 (1969) (applying precedent under § 2254 to a § 2255 proceeding); United

States v. Gutierrez, 839 F.2d 648, 650 (10th Cir. 1988) (same). Thus, prejudice to the government's ability to retry the case is not a consideration when ruling upon a § 2255 motion. See Heflin v. United States, 358 U.S. 415, 420, 79 S. Ct. 451, 454 (1959) (Stewart, J., concurring) ("[A]s in habeas corpus, [under § 2255] there is no statute of limitations, no res judicata, and . . . the doctrine of laches is inapplicable." (emphasis supplied)).

The government counters with a reference to a portion of the advisory committee's note to Rule 9 of the Rules Governing § 2255 Proceedings, where it states that "[s]ubdivision (a) provides a flexible, equitable time limitation based on laches to prevent movants from withholding their claims so as to prejudice the government both in meeting the allegations in the motion and in any possible retrial." RULE 9 OF THE RULES GOVERNING § 2255 PROCEEDINGS advisory committee's note -- 1976 adoption (emphasis supplied). Although advisory committee notes are due some deference, see Schiavone v. Fortune, 477 U.S. 21, 31, 106 S. Ct. 2379, 2385 (1986), they cannot be allowed to contradict the express language of a Rule and its authorizing statute, cf. Business Guides, Inc. v. Chromatic Communications Enters., Inc., 498 U.S. 533, 111 S. Ct. 922, 928 (1991) (holding that courts are to "`give the Federal Rules of Civil Procedure their plain meaning'" (quoting Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 123, 110 S. Ct. 456, 458 (1989))).

The statute provides that "[a] motion for relief may be made at any time." 28 U.S.C. § 2255 (emphasis supplied). Rule 9(a)

somewhat constricts the statute's categorical language, proclaiming that "[a] motion made pursuant to these rules may be dismissed if it appears that the government has been prejudiced <u>in its ability to respond to the motion</u> by delay in its filing . . . ." RULE 9 OF THE RULES GOVERNING § 2255 PROCEEDINGS. But neither the rule nor the statute abridges a prisoner's right to file a petition because of prejudice to the government's case in a retrial, and we are not free to weave such an exception out of whole cloth, the advisory committee's note notwithstanding.[2]

The government also asserts that § 2255 motions should be treated differently from § 2254 petitions with respect to the prejudice inquiry because (i) a § 2255 motion may be made "at any time," 28 U.S.C. § 2255; (ii) a § 2254 petition is a separate civil action whereas a § 2255 motion is a further step in the criminal process, <u>see</u> RULE 1 OF THE RULES GOVERNING § 2255 PROCEEDINGS advisory committee's note -- 1976 adoption; and (iii) the remedies available under a § 2255 motion include ordering a new trial, <u>compare</u> 28 U.S.C. §§ 2241-54 (speaking in terms of the court "issuing the writ") <u>with</u> 28 U.S.C. § 2255 (authorizing the court to "discharge

---

[2]. The tension between the advisory committee's note and the text of Rule 9(a) may possibly be understood by reference to the legislative history of Rule 9(a). Apparently the note was drafted and submitted to Congress along with the proposed Rule 9(a) in 1976. But Congress altered the proposed Rule, striking language that would have created a rebuttable presumption of prejudice to the government if five years had passed prior to the petition being brought. <u>See</u> H.R. REP. No. 1471, 92d Cong., 2d Sess. 4-5 (1976), <u>reprinted in</u> 1976 U.S.C.C.A.N. 2478, 2481; <u>Gutierrez</u>, 839 F.2d at 650. Yet the note apparently was not amended to reflect this evolution of the Rule's text. Moreover, the advisory committee's note was drafted before the Supreme Court's decision in <u>Vasquez</u>, <u>supra</u>.

the prisoner[,] resentence him[,] grant a new trial[,] or correct the sentence").  These arguments are unavailing.

With respect to the argument based on the lack of a statute of limitations for § 2255 proceedings, the same has universally been held true of § 2254 petitions.  See, e.g., Vasquez, 474 U.S. at 265, 106 S. Ct. at 624; Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 123, 76 S. Ct. 223, 227 (1956); Campas v. Zimmerman, 876 F.2d 318, 325 (3d Cir. 1989) ("[D]elay without more [i]s insufficient to warrant a Rule 9(a) dismissal."); United States v. Cariola, 323 F.2d 180, 183 (3d Cir. 1963).  Considering next the argument that a § 2254 petition is a separate civil proceeding whereas a § 2255 proceeding is a continuation of the criminal trial, we understand the difference to have arisen in 1948 due to the Judicial Conference's urging that the administration of habeas corpus proceedings in federal courts would be simplified if the proceeding could be brought in the sentencing court instead of the court of the district where the prisoner was confined.  See Kaufman, 394 U.S. at 221-22, 89 S. Ct. at 1071.  The change "was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus."  Id. at 222, 89 S. Ct. at 1071 (quoting Hill v. United States, 368 U.S. 424, 427, 82 S. Ct. 468, 471 (1962)) (emphasis supplied).  Thus, this distinction in the form of the proceedings has no substantive repercussions.

Finally, as to the government's argument premised on the supposed distinction in remedies available in § 2254 petitions vis-

à-vis § 2255 proceedings, it may be true that, on its face, § 2255 authorizes broader relief than § 2254. This distinction is not genuine, however, because federal courts may condition relief under § 2254 on various grounds, including on the state affording the prisoner a new trial. See, e.g., Barry v. Brower, 864 F.2d 294, 301 (3d Cir. 1988) (conditioning issuance of the writ on the state appellate court reinstating the petitioner's appeal within 30 days); Carter v. Rafferty, 781 F.2d 993, 998 n.6 (3d Cir. 1986) (noting the "customary approach [of] issuing a writ only after a 60 or 90 day period for the State to commence new trial proceedings"), overruled on other grounds by Hilton v. Braunskill, 481 U.S. 770, 107 S. Ct. 2113 (1987). Thus, none of the government's contentions points to a material distinction between the two types of proceedings.

Of course, insofar as § 2255 proceedings are governed by equitable principles, a petitioner's inexcusable delay predating the loss of weighty evidence which causes the government prejudice in its ability to retry the petitioner may have a bearing on the prisoner's burden of proof during the proceedings, and may be appropriate for a district court to consider in deciding whether to exercise its discretion to grant a § 2255 motion. See, e.g., Cariola, 323 F.2d at 183 ("Although the passage of many years will not cure a conviction if it is void, a defendant who, knowing of his right to relief from a conviction, waits to apply for it until all witnesses have died, will have a heavy burden of proof with respect to the facts on which the relief must rest.").[3] This is because the

_____

[3]. Cariola cited United States v. Morgan, 222 F.2d 673, 675 (2d Cir. 1955) and Farnsworth v. United States, 232 F.2d 59, 63

prejudice to the government's ability to retry the petitioner and prejudice to its ability to respond suitably to the petition will overlap in some cases.  In this case, however, Nahodil, a <u>pro se</u> litigant "who is not skilled in the arts and sciences of law," acted fairly promptly after his conviction to obtain collateral relief: he filed his § 2255 motion less than 13 months after this Court

(..continued)
(D.C. Cir. 1956) for that proposition.  In <u>Farnsworth</u>, the District of Columbia Circuit stated:

> If a defendant without good reason waits a long time before asserting his claimed right, with the consequence that many witnesses are dead, he might have difficulty maintaining his burden of proof, or a heavier burden of proof may be imposed upon him.  <u>See</u> <u>Morgan</u>, 222 F.2d at 675.  But where the fundamental constitutional right has been denied, an accused should not be precluded from relief because he cannot satisfy a court that he had good cause for any delay in seeking it.  "To permit a defense of laches to the writ would, in effect, denude it of one of its essential characteristics -- the power to hurdle a time factor."  <u>Haywood v. United States</u>, 127 F. Supp. 485, 488 (S.D.N.Y.).

<u>Id.</u> at 63.  <u>Morgan</u> voiced a similar opinion:
> It may be that, if a defendant, knowing of his to obtain relief from . . . a [void] conviction, waited to apply for it until all witnesses other than the defendant have died, he would have a very heavy burden of proof with respect to the facts on which such relief must rest.  However, we need not here so decide.

<u>Id.</u> at 675.  We note that <u>Farnsworth</u>, <u>Morgan</u>, and <u>Cariola</u> were all petitions for a writ of coram nobis, not § 2255 proceedings, and could be distinguished on that ground, since coram nobis precedent is not binding in § 2255 proceedings.  <u>See</u> <u>United States v. Morgan</u>, 346 U.S. 502, 74 S. Ct. 247 (1954).  However, insofar as all these cases were addressing the question of laches in collateral relief proceedings, they would seem to be quite persuasive in § 2255 proceedings.

affirmed his sentence.[4] If the district court were to find this delay not to be undue, prejudice to the government in the § 2255 proceeding would be irrelevant to the merits of his § 2255 motion.

In any event, collateral relief would not be barred in this case even assuming Nahodil's delay in filing his § 2255 motion were undue and the government's prejudice in retrying Nahodil were a relevant consideration in a § 2255 proceeding, since the government's alleged prejudice in retrying Nahodil is not causally related to that delay, the government's key witness having died before completion of the primary proceedings. See RULE 9(A) OF THE RULES GOVERNING § 2255 PROCEEDINGS (providing that delay causing prejudice may not be a cause for dismissal of a § 2255 motion if the movant

---

[4]. Nahodil is a blameless petitioner (in terms of dilatory conduct as described in the text), and thus we need not elaborate here on the contours of the law in a case where the petitioner is blameworthy. Presumably, once the government has made a showing of prejudice attributable to petitioner's delay, "`the burden shifts to the petitioner to show either that the state actually is not prejudiced or that petitioner's delay is "based on grounds which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred."'" Gutierrez, 839 F.2d at 652 (quoting McDonnell v. Estelle, 666 F.2d 246, 251 (5th Cir. 1982)). Perhaps if the petitioner fails to meet that burden, his or her uncorroborated testimony would rarely be enough to warrant setting aside a conviction: since his or her unreasonable conduct has resulted in the unavailability of witnesses, the destruction of documents, or other prejudice to the government, he or she cannot in equity benefit therefrom. Alternatively or additionally, the court could apply a clear and convincing standard of proof to the petitioner to make up for the petitioner's undue delay. Cf. Klein v. United States, 880 F.2d 250, 254 (10th Cir. 1989) (holding that laches barred the petitioner from coram nobis relief because the petitioner had not exercised due diligence: the petitioner had known of the grounds for relief for over seven years, and during that time two government witnesses had died). However, we decline to decide these questions here and leave them for another day.

shows the motion "is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence <u>before</u> the circumstances prejudicial to the government occurred" (emphasis supplied)); <u>Campas</u>, 876 F.2d at 325 ("[T]he State in making its particularized showing of prejudice must relate its prejudice to the petitioner's delay and prove that the delay in filing was the cause of the State's prejudice."); <u>Gutierrez</u>, 839 F.2d at 652 (holding that a petitioner's delay is inexcusable only if "`based on grounds which he could not have had knowledge by the exercise of reasonable diligence <u>before</u> the circumstances prejudicial to the state occurred'" (quoting <u>McDonnell v. Estelle</u>, 666 F.2d 246, 251 (5th Cir. 1982))); <u>see also</u>, <u>e.g.</u>, <u>Oliver v. United States</u>, 961 F.2d 1339, 1342 (7th Cir. 1992) (holding that laches applies to a § 2255 proceeding if the delay was "inexcusable as well as prejudicial to the government"); <u>Gutierrez</u>, 839 F.2d at 650, 652 (stating that laches applies only if the government makes a particularized showing of prejudice <u>and</u> the petitioner's delay was inexcusable). Consequently, Nahodil would not face a heightened burden of proof upon remand even had he been dilatory.

C.

We acknowledge that prejudice to the government's ability to retry the case _is_ a factor which a district court considers when deciding a motion to withdraw the guilty plea. See United States v. Huff, 873 F.2d 709, 712 (3d Cir. 1989). However, prejudice to the government's ability to bring a case to trial is not dispositive of a motion to withdraw the guilty plea if the original acceptance of the plea was improper or improvident. See United States v. De Cavalcante, 449 F.2d 139, 141 (3d Cir. 1971) (stating that a guilty plea may be withdrawn for any reason that "seems fair and just"), cert. denied, 404 U.S. 1039, 92 S. Ct. 715 (1972). At a minimum, "a motion to withdraw should be granted if the plea was not made voluntarily and intelligently." 8A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 32.09[1], at 32-89 (1994); cf. United States v. Barker, 514 F.2d 208, 221 (D.C. Cir.) (holding that a court should "almost always" allow the withdrawal of pleas which were entered unconstitutionally or contrary to the provisions of Federal Rule of Criminal Procedure 11), cert. denied, 421 U.S. 1013, 95 S. Ct. 2420 (1975); see also Hawthorne, 502 F.2d at 186-87.

Nahodil's instant motion is a § 2255 motion rather than a motion to withdraw his guilty plea. Section 2255 is a proper medium for raising challenges to the voluntariness of a guilty plea after the judgment of sentence has been imposed. See, e.g., United States v. Hawthorne, 502 F.2d 1183, 1186-87 (3d Cir. 1974). At that juncture, the substantive standards are those applicable to the claims raised in the § 2255 motion (ineffective assistance of

counsel in this case) rather than those which governed the claims raised at the principal proceedings (a motion to withdraw the plea in this case). See FED. R. CRIM. P. 32(d); United States v. Cannistraro, 734 F. Supp. 1110, 1119-20 (D.N.J.), aff'd without opinion, 919 F.2d 133 and 137 (3d Cir. 1990), cert. denied, 500 U.S. 916, 111 S. Ct. 2011 (1991).[5]

For the reasons we have articulated supra Part III.B, Vasquez expounds the germane inquiry in § 2255 motions as well as in § 2254 proceedings. Vasquez directs courts to evaluate a different, narrower conception of prejudice to the government than in context of a motion to withdraw a plea: the court must examine simply whether the government can effectively frame an answer to the charges contained in the § 2255 motion. See RULE 9(A) OF THE RULES GOVERNING § 2255 PROCEEDINGS (permitting the government to move for dismissal if "it appears that the government has been prejudiced in its ability to respond to the motion by delay in its filing" (emphasis supplied)); Hannon v. Maschner, 845 F.2d 1553, 1556 (10th Cir. 1988) (holding that under Rule 9(a) of the Rules Governing § 2254 Proceedings, prejudice refers to prejudice in responding to the petition, not to prejudice in retrying the defendant). Because, in the case sub judice, the government can respond to the claim of ineffective assistance of counsel despite the death of its key

---

[5]. We note that in the motion to withdraw the guilty plea, Nahodil did not raise the issues of the voluntariness of the plea and the violation of his right to effective assistance of counsel. Nahodil based his motion to withdraw the plea on the "fair and just" reasons that he was extremely reluctant to plead guilty and that he had proclaimed his innocence throughout.

witness, it cannot oppose Nahodil's § 2255 motion by reference to prejudice on that ground.  See id.[6]

For the foregoing reasons, the order of the district court summarily dismissing Nahodil's petition must be vacated and the case remanded for further proceedings.  If the district court should find, after the § 2255 hearing, that Nahodil's plea was involuntary because it resulted from ineffective assistance of counsel, it should vacate the plea despite the finding it made during the motion to withdraw the guilty plea proceeding that the government would be prejudiced in its ability to proceed to trial.  See Strader v. Garrison, 611 F.2d 61, 65 (4th Cir. 1979) ("When the misadvice of the lawyer is so gross as to amount to a denial of the constitutional right to the effective assistance of counsel, leading the defendant to enter an improvident plea, striking the sentence and permitting a withdrawal of the plea seems only a necessary consequence of the deprivation of the right to counsel."); cf. United States v. Hernandez-Lebron, 23 F.3d 600, 607 (1st Cir. 1994) (advising the defendant to attempt to withdraw his guilty plea by raising an ineffective assistance of counsel claim in a § 2255 proceeding); United States v. Willis, 804 F.2d 961, 964 (6th Cir. 1986) (same).

---

[6].    Incidentally, Nahodil claims, and the government does not dispute, that another percipient witness besides the deceased one was present in Nahodil's house at the time of the drug transaction. Br. of Appellant at 2-4; see also Br. of Appellant at 35-36, No. 92-5002 (3d Cir. Mar. 2, 1992).

IV.

In sum, this case is not one about which we can say that the motion, files, and record show conclusively that the movant is not entitled to relief, and hence we find that the district court abused its discretion by summarily dismissing Nahodil's § 2255 motion.  We will therefore vacate the July 15, 1993 district court order and remand the case to the district court for proceedings consistent with this opinion.  Because of the complex issues presented, the district court should consider appointing counsel to represent Nahodil.