### UNITED STATES of America

### v.

### Sheila F. SMITH.

### Criminal No. 91–178.

United States District Court,
W.D. Pennsylvania.

July 11, 1995.

---

James R. Wilson, Assistant United States Attorney, Pittsburgh, PA, for U.S.

William Manifesto, Pittsburgh, PA, for Smith.

## MEMORANDUM OPINION

LEE, District Judge.

Before the Court is Motion to Withdraw Guilty Plea of Sheila F. Smith (Document No. 1319), which is opposed by the Government (Document No. 1333). For the following reasons, Smith's motion will be **DENIED.**

## I. FACTUAL BACKGROUND

Defendant Smith moves to withdraw her guilty plea pursuant to 28 U.S.C. § 2255 on the ground that her attorney failed to advise her that, approximately three weeks prior to the entry of Defendant's guilty plea, the Supreme Court had granted certiorari in *Wilson v. Arkansas,* —— U.S. ——, 115 S.Ct. 571, 130 L.Ed.2d 488 (1994).

On September 26, 1991, the Grand Jury for the United States District Court for the Western District of Pennsylvania returned an indictment charging defendant, Sheila F. Smith ("Smith"), and twenty-two others with conspiracy to operate an illegal gambling business and to launder the proceeds therefrom in violation of 18 U.S.C. § 371 and with operating an illegal gambling business in violation of 18 U.S.C. § 1955. Some of Smith's co-defendants were also charged with money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

On January 7, 1994, the Court denied Smith's motion for suppression of evidence and upheld the legality of a search conducted on September 23, 1988, by the Pittsburgh Police at a business establishment located at 930 Saw Mill Run Boulevard in Pittsburgh, Pennsylvania. *United States v. John F. "Duffy" Conley,* 856 F.Supp. 1010 (W.D.Pa. 1994). The Court concluded that "[t]he state officers who executed the search warrant for 930 Saw Mill Run Boulevard on September 23, 1993 (sic) comported with the reasonableness requirements of the Fourth Amendment in entering the 930 Saw Mill Run premises without knocking and announcing their presence and authority." *Id.* at 1032.

On December 19, 1994, Smith entered a guilty plea, wherein she pled guilty to count two of the indictment charging her with operating an illegal gambling business in violation of 18 U.S.C. § 1955. Approximately three weeks prior to the entry of Smith's guilty plea, the Supreme Court granted certiorari in *Wilson v. Arkansas,* a case wherein petitioner asserted that the search of her home was invalid because, *inter alia,* the police had violated the common law "knock and announce" principle requiring them to announce their presence and authority before entering her home.

On May 12, 1995, Smith was sentenced to fifteen (15) months incarceration, with the execution of sentence to be deferred for sixty (60) days, three years of supervised release, and a $50,000 fine. In exchange for her guilty plea to count two of the indictment, the Government dismissed count one charging her with conspiracy to operate an illegal gambling business and to launder the pro-

ceeds therefrom in violation of 18 U.S.C. § 371.

On May 22, 1995, the United States Supreme Court issued its opinion in *Wilson v. Arkansas,* —— U.S. ——, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995), holding that "a search or seizure of a **dwelling** might be constitutionally defective if police officers enter without prior announcement...." *Id.* at ——, 115 S.Ct. at 1919 (emphasis added). However, the Court clearly left to the lower courts "the task of determining the circumstances under which an unannounced entry is reasonable under the Fourth Amendment." *Id.*

On June 21, 1995, Smith, by her present attorney, William F. Manifesto, Esq., moved the Court for an order permitting Smith to withdraw her plea of guilty. Smith maintains that "had defendant been aware that the Supreme Court granted certiorari on the 'knock and announce' issue, the defendant would not have entered her plea of guilty." Motion to Withdraw Guilty Plea, at unnumbered 3, ¶ 12. Smith requests permission to withdraw her guilty plea in order to reassert her motion to suppress evidence challenging the 1988 search of the 930 Saw Mill Run Boulevard business establishment in light of the Supreme Court's decision in *Wilson v. Arkansas.*

## II. DISCUSSION

■ Under Federal Rule of Criminal Procedure 32(e), after sentence is imposed, a plea of guilty may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255. The test enunciated by the United States Supreme Court for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (citations omitted).

■ To show that ineffective assistance of counsel made a guilty plea involuntary, the movant must show that (i) his or her counsel's representation fell below an objective standard of reasonableness demanded of attorneys of criminal cases; and (ii) there is a reasonable probability that, but for counsel's

errors, he or she would have proceeded to trial instead of pleading guilty. *United States v. Nahodil,* 36 F.3d 323, 326 (3d Cir. 1994) (citing *Hill,* 474 U.S. at 56–59, 106 S.Ct. at 369–71 (1985)). In the present case, the claimed error of counsel is counsel's failure to inform Smith that the Supreme Court had granted certiorari on the "knock and announce" issue. Smith contends that had she been aware of the pendency of *Wilson v. Arkansas* before the Supreme Court, she would not have entered her guilty plea.

■ Under the *Hill v. Lockhart* standard, the quality of the advice that Smith's attorney gave her during the plea hearing determines the voluntariness of her guilty plea. The record reflects that Smith's attorney at the plea hearing was not aware that certiorari had been granted in the *Wilson v. Arkansas* case. However, Smith does not rely upon, nor has the Court through independent research found, any cases wherein it was held that counsel's failure to inform a client of a pending issue before the Supreme Court may be deemed constitutionally ineffective assistance of counsel. Accordingly, the record precludes a finding that the content of Smith's counsel's advice fell below the range of competence demanded of criminal defense counsel.

■ Assuming *arguendo* that Smith's counsel's advice did fall below an objective standard of reasonableness, the Court must next determine whether that "infirm advice" prejudiced Smith. *Nahodil,* 36 F.3d at 327. In order to satisfy the "prejudice" requirement under *Hill v. Lockhart,* the defendant must "show that there is a reasonable probability that, but for counsel's errors, [defendant] would have not pleaded guilty and **would have insisted on going to trial."** *Hill,* 474 U.S. at 59, 106 S.Ct. at 370. *Nahodil,* 36 F.3d at 327.

■ Smith does not allege in her motion or supporting affidavit that, had counsel informed her about the grant of certiorari in *Wilson v. Arkansas,* she would have pleaded not guilty **and insisted on going to trial.** Because Smith has failed to allege the kind of "prejudice" necessary to satisfy the second

half of the *Hill v. Lockhart* test, Smith's motion will be denied.

## III. CONCLUSION

The Court finds, based on the record, that Smith has not satisfied either prong of the *Hill v. Lockhart* standard adopted by the Third Circuit. Therefore, Smith's motion to withdraw her guilty plea will be denied.

An appropriate order will be entered.

## ORDER OF COURT

AND NOW, this 11th day of July, 1995, it is hereby **ORDERED** that the Motion to Withdraw Guilty Plea (Document No. 1319) is hereby **DENIED.**