UNITED STATES of America

v.

**Pedro ROMAN.**

**Criminal Action No. 93–00017.**

United States District Court,
E.D. Pennsylvania.

Aug. 29, 1996.

---

Pedro Roman, pro se.

Nancy Beam Winter, Assistant United States Attorney, Eastern District of Pennsylvania, for the U.S.

## ORDER

DITTER, Senior Judge.

AND NOW, this 29th day of August, 1996 after careful and independent consideration of the defendant's *pro se* motion filed pursuant to 28 U.S.C. § 2255, the government's Response thereto and after review of the Report and Recommendation of United States Magistrate Judge Diane M. Welsh, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED; and

2. The defendant's *pro se* motion filed pursuant to 28 U.S.C. § 2255 is DISMISSED without a hearing.

## REPORT AND RECOMMENDATION

WELSH, United States Magistrate Judge.

Presently before the court is a *pro se* motion to vacate, set aside or correct a sentence filed by a federal prisoner pursuant to 28 U.S.C. § 2255.[1] This is the second § 2255

---

1. The defendant initiated this action by using a pre-printed form for habeas corpus petitions filed pursuant to 28 U.S.C. § 2254. However, since Mr. Roman is a federal prisoner challenging a federal conviction, he should have filed a motion pursuant to 28 U.S.C. § 2255. For this reason,

motion that the defendant has filed in this district. In his first § 2255 motion, the defendant claimed that his guilty plea was involuntary because he did not know that he had the right to move to suppress evidence. The court found no basis for that claim because the defendant's attorney had, in fact, filed a pre-trial suppression motion and a supporting memorandum of law. Accordingly, by order dated January 31, 1994, the first § 2255 motion was denied.

On January 18, 1996, the defendant filed a second § 2255 motion requesting this court to vacate his sentence because of alleged deficiencies in his guilty plea. He presently claims that his plea was not entered voluntarily and knowingly because he was under the influence of drugs. This claim comes two years after the defendant filed his first § 2255 motion.

## I. Background

On April 15, 1992, Tyrone Roberson ("Roberson") informed Officer Dennis Wilson ("Officer") that he had just been robbed by an armed hispanic male. The Officer drove around the area with Roberson in an attempt to locate the suspect. Both the Officer and Roberson saw the defendant, Pedro Roman. Roberson then said, "That's him!" Mr. Roman dropped a shotgun and other items and ran away. Shortly thereafter, he was found hiding under a car and was clutching some money which had been stolen from Roberson. Mr. Roman was then searched, and a cigarette box was taken from him. It contained 25 vials, 16 of which tested positive for the presence of cocaine-base. After Mr. Roman was arrested, Roberson again identified Mr. Roman as the man who had robbed him, and he identified the property which Mr. Roman had dropped as his own.[2]

On January 11, 1993, a federal grand jury returned a three-count indictment charging Mr. Roman with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and possession of a controlled substance, in violation of 21 U.S.C. § 844. Joyce Webb Eubanks, Esq. was appointed to represent Mr. Roman.

On March 9, 1993, Mr. Roman pled guilty to all three charges. Prior to accepting Mr. Roman's plea, Judge Ditter explained to Mr. Roman the consequences of pleading guilty. Mr. Roman acknowledged that he understood what rights he was giving up and that he wanted to plead guilty. Mr. Roman was sentenced to a 162 month term of incarceration.[3]

In December of 1993, the defendant filed his first § 2255 motion in this district court. The motion included four grounds for relief, all of which involved the alleged unlawful seizure of certain evidence, namely, a sawed-off shotgun and crack cocaine. The defendant claimed that he did not know he had the right to move for suppression of the evidence, and that if he had known, he would not have pled guilty. Therefore, the defendant asserted that his guilty plea was involuntary. His claims were denied in an order dated January 31, 1994.

The defendant filed his second § 2255 motion in January of 1996. He has asserted that he pled guilty against his will and did not understand what he was being asked while in court because he was under the influence of drugs and was "not in the right frame of mind." The government has responded to the second motion by advancing three arguments. First, the government requests that this court decline to review the defendant's claim on its merits. In support of this request, the government argues that the present motion constitutes an abuse of

___

an Order dated March 6, 1996 directed all parties to treat the defendant's case as a § 2255 motion.

2. The aforementioned facts were gleaned from the Government's Memorandum in Support of its Response to Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. *See* Memorandum at 3–5. The government indicates that these facts were "read into the record at the time of the taking of the guilty plea and are the facts that the defendant admitted were true and accurate." Memorandum at 5.

3. The information contained in this paragraph and the next is derived from the January 31, 1994 Order which denied the defendant's first § 2255 motion.

the § 2255 procedure because the defendant failed to raise the present claim in his first § 2255 motion. Second, the government refutes the defendant's claim of "not being in the right frame of mind" by noting that the defendant was responsive while in court. Third, the government asserts that the defendant's claim should be denied because he has offered no evidence to support his claim that he pled guilty while under the influence of drugs.

## II. Discussion

Under Rule 9(b) of the Rules Governing Section § 2255 Proceedings for the United States District Courts, a successive motion:

> may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a

prior motion constituted an abuse of the procedure governed by these rules.

The defendant's first § 2255 motion was based on different grounds for relief than his present claim that his guilty plea was involuntary because he was under the influence of drugs and was not "in the right frame of mind."

■ When a prisoner files a successive motion, the government bears the initial burden of proving that the present motion is abusive by demonstrating the defendant's prior writ history, by noting the claims that appear for the first time, and by alleging that the defendant has abused the § 2255 procedure. *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 1469, 113 L.Ed.2d 517 (1991).[4]

■ The burden to disprove abuse then becomes that of the defendant. To do so, the defendant must show cause for his failure to raise the claims in the earlier motion and prejudice therefrom. *Id.* In order to dem-

---

4. *McCleskey* involved a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. However, a 28 U.S.C. § 2255 motion is the federal equivalent of a state habeas petition filed pursuant to 28 U.S.C. § 2254. *United States v. Nahodil*, 36 F.3d 323, 327 (3d Cir.1994).

In *United States v. Nahodil*, the Third Circuit reviewed an inmate's § 2255 motion to set aside his conviction on the ground that his counsel was ineffective for improperly advising him to enter a plea of guilty despite his repeated objections to doing so. *Id.* at 326. The court first determined that the defendant's claim could be considered in a § 2255 proceeding. *Id.* The court then addressed the government's claim that the defendant's motion should be dismissed in accordance with Rule 9(a) of the Rules Governing § 2255 Proceedings. *Id.* at 327. Pursuant to Rule 9(a), a motion may be dismissed if "the government had been prejudiced in its ability to respond to the motion by delay in its filing" unless the movant shows that he exercised reasonable diligence when filing his motion. *Id.*

During its analysis, the court noted that the language of Rule 9(a) of § 2255 was practically indistinguishable from that of Rule 9(a) of the Rules Governing § 2254 Proceedings. *Id.* Accordingly, the court applied precedent pertaining to § 2254 motions to the defendant's § 2255 proceeding. *Id.* Pursuant to this approach, the court applied *Vasquez v. Hillery*, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986), which concerned a § 2254 proceeding. The court concluded that the discussion in *Vasquez*, regarding the suitable inquiry for the prejudice component of Rule 9(a), applies to both federal § 2255 motions and to state § 2254 habeas petitions. *Id.*

The court addressed the government's arguments that § 2255 and § 2254 were distinguishable. The court noted that neither § 2255 nor § 2254 proceedings had statutes of limitations. *Id.* at 328. Although a § 2254 petition is a separate civil proceeding and a § 2255 proceeding is a continuation of the criminal trial, the court concluded that this distinction in the form of the proceedings "has no substantive repercussions." *Id.* at 328–9. The court then addressed the government's argument that § 2255 authorizes broader relief than § 2254. *Id.* at 329. The court noted that the distinction concerning remedies available in § 2254 and in § 2255 proceedings is not genuine because federal courts may condition relief under § 2254 on various grounds, including affording the prisoner a new trial. *Id.* For those reasons, the court reiterated that *Vasquez* "expounds the germane inquiry in § 2255 motions as well as in § 2254 proceedings." *Id.* at 331.

Mr. Roman's case involves Rule 9(b) rather than Rule 9(a). However, this court observes that Rule 9(b) of the Rules Governing § 2255 proceedings is virtually indistinguishable from Rule 9(b) of the Rules Governing § 2254 Cases. Therefore, *Nahodil* directs the conclusion that the Supreme Court's abuse of the writ line of cases, of which *McCleskey* is the most recent, as well as its line of cases containing exceptions to the abuse of the writ doctrine, of which *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), and *Schlup v. Delo*, —— U.S. ——, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), are the most recent, should apply to this case. Accordingly, the court will apply these lines of cases to the instant § 2255 motion.

**292**

onstrate cause, the defendant must show that "some objective factor external to the defense impeded [the defendant's] efforts" to raise the claim previously. *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Examples of cause that are germane to an abusive § 2255 motion include: (1) a showing that the factual or legal basis for a claim was not reasonably available; (2) attorney error that constitutes ineffective assistance of counsel. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2564, 115 L.Ed.2d 640 (1991). Once the defendant has established cause, he must show actual prejudice resulting from the errors of which he complains. *McCleskey*, 499 U.S. at 494, 111 S.Ct. at 1470.

If the defendant cannot show cause, the failure to raise a claim in an earlier § 2255 motion may be excused if he can show that a fundamental miscarriage of justice would result from a failure to entertain his claim. *Id.* at 495, 111 S.Ct. at 1470. The fundamental miscarriage of justice exception is limited to cases of "actual innocence." *Schlup v. Delo*, —— U.S. ——, ——, 115 S.Ct. 851, 864, 130 L.Ed.2d 808 (1995). In order to demonstrate that he is "actually innocent," the defendant must present new evidence of his innocence. *Id.* at —— – ——, 115 S.Ct. at 861–62. This evidence need not be directly related to the substantive claims the defendant is presenting because the claims themselves need not demonstrate that he is innocent. *See id.* at ——, 115 S.Ct. at 861 The court must consider the evidence of innocence presented along with all the evidence in the record, even that which was excluded or unavailable at trial. *Id.* at ——, 115 S.Ct. at 867. Once all this evidence is considered, the defendant's claims can only be reviewed if the court is satisfied "that it is more likely than not that no reasonable juror would have found the defendant guilty beyond a reasonable doubt." *Id.* at ——, 115 S.Ct. at 867.

Here, the defendant alleges that he did not understand the consequences of his guilty plea because he was under the influence of drugs and was not "in the right frame of mind." Since the defendant failed to assert this second claim in his first § 2255 motion, the government argues that he has abused the § 2255 procedure and that the defendant's claim should not be reviewed on its merits. This court concurs and will turn its attention to the questions of cause and prejudice and fundamental miscarriage of justice.

The defendant has not identified any objective factor external to the defense which would explain why he failed to include his present claim within his first § 2255 motion. This means that he cannot establish cause and prejudice for his failure to include the claim in his first § 2255 motion. The defendant has also failed to present any evidence that he is actually innocent of the charged offenses. This means that the defendant cannot demonstrate that the failure to consider his new claim would constitute a fundamental miscarriage of justice. Accordingly, the defendant's § 2255 motion should be dismissed pursuant to Rule 9(b).

The court's recommendation follows.

### RECOMMENDATION

AND NOW, this 8th day of August 1996 for the reasons contained in the preceding Report it is hereby RECOMMENDED that the defendant's *pro se* motion filed pursuant to 28 U.S.C. § 2255 be DISMISSED without a hearing.