**UNITED STATES of America**

v.

**Jason BROWN, Defendant.**

**Nos. CIV. A. 99–4346, CRIM. A. 98–599.**

United States District Court, E.D. Pennsylvania.

Oct. 21, 1999.

· Robert K. Reed, U.S. Atty's Office, Philadelphia, PA, for U.S.

Jason Brown, Loretto, PA, pro se.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

Jason Brown pled guilty to one count of bank fraud and was subsequently sentenced by this court to ten months of imprisonment followed by five years of supervised release. Mr. Brown now brings this pro se motion for relief pursuant to 28 U.S.C. § 2255, arguing that his counsel was ineffective at the sentencing hearing.

*Standards*

Claims of ineffective assistance of counsel are evaluated under the standards established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687, 104 S.Ct. 2052. The defendant bears a heavy burden of showing that, but for counsel's errors, the results of the proceeding would have been different. *See id.* at 694, 104 S.Ct. 2052.

*Discussion*

Mr. Brown makes several different claims of ineffective assistance, but none of these claims warrant the relief requested.[1]

---

1. The government argues that the court should summarily dismiss this motion because the defendant did not bring a direct appeal. According to the government, the defendant waived his claims, and he cannot meet the "cause and prejudice" standard ar-

*Failure to Object to Loss Calculations*

■ Mr. Brown first argues that his counsel was ineffective for failing to object to the presentence investigation's loss calculations that were used by the court in imposing sentence. Mr. Brown was attributed with $8,000 in intended loss that was prevented only because the bank put a hold on the accounts he was attempting to use. Mr. Brown argues that as U.S.S.G. § 2F1.1 permits the calculation of intended loss based only on losses that could realistically have been inflicted, he should not be penalized for the $8,000 he attempted to steal.

Initially, Mr. Brown cannot claim that his counsel was ineffective for not raising this claim at sentencing because Mr. Brown specifically stipulated to the amount of loss in the plea agreement he signed. *See* Plea Agmt. ¶ 10(b) (stipulating that loss was between $20,000 and $40,000, an amount that includes the intended loss to which Mr. Brown now objects). Nor can the defendant argue that he was unaware of this issue: The court asked at the plea colloquy whether he agreed with the government's description of events, including the $8,000 in attempted loss, and Mr. Brown stated that he did so. *See* Transcript of Plea Colloquy at 18–20, 25. Mr. Brown also explicitly stated that he agreed with the pre-sentence report, which included this loss as well. *See* Sentencing Transcript at 3.

The court accepted the plea agreement and the representation at sentencing in keeping with Third Circuit case law stating that if the estimable intended loss is higher than the actual amount lost, the sentencing court should utilize the higher number. *See United States v. Maurello,* 76 F.3d 1304, 1309 (3d Cir.1996); *see also* U.S.S.G. § 2F1.1 app. note 8 (directing courts to apply intended loss in such situations).. In this case, the amount of intended loss was easy to estimate because Mr. Brown attempted to acquire an $8,000 loan from an account that was not his. The only reason Mr. Brown failed to acquire the $8,000 to which he refers now was that bank personnel had placed a special alert on the account.[2] Counsel was not ineffective for failing to object to this loss, as both the law and the facts of the case indicated that including it was appropriate.

*Failure to Object to Unforeseeable Conduct*

Mr. Brown next argues that counsel was ineffective for failing to object to the probation officer's use of conduct that was not reasonably foreseeable to him. Essential-

ticulated in *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), that would excuse this error. Mr. Brown, however, correctly points out that a section 2255 motion is the appropriate means to bring an ineffective assistance of counsel claim. *See, e.g., United States v. Tobin,* 155 F.3d 636, 643 (3d Cir.1998) (declining to address ineffective assistance of counsel claim on direct appeal because the "proper mechanism for challenging the efficacy of counsel is through a motion pursuant to 28 U.S.C. § 2255"); *United States v. Nahodil,* 36 F.3d 323, 326 (3d Cir.1994) ("A § 2255 motion is a proper and indeed the preferred vehicle for a federal prisoner to allege ineffective assistance of counsel."); *United States v. DeRewal,* 10 F.3d 100, 103–05 (3d Cir.1993) (holding that district court erred in applying the *Frady* cause and prejudice standard to ineffective assistance claim under section 2255). As each of the claims articulated in this motion address ineffective assistance of counsel, the court will consider Mr. Brown's claims on the merits.

**2.** The fact that Mr. Brown could not have acquired the money because of the alert on the account does not mean that he may not be attributed with the intended loss: this was not a sting operation in which the government manipulated the amount of loss, as was the case in the decision cited by Mr. Brown. *See United States v. Sneed,* 814 F.Supp. 964, 971 (D.Colo.1993) (refusing to hold defendant liable for "intended loss" because of unique sting operation, but stating that when it is "realistic to expect that defendant could have inflicted the intended loss, then the 'intended' loss figure should be used, even if (for example) the police intervene to prevent or diminish the intended loss"); *see also United States v. Kaczmarski,* 939 F.Supp. 1176, 1179 (E.D.Pa.1996) (rejecting argument similar to that of Mr. Brown).

ly, Mr. Brown argues that he was unaware that other individuals were drawing monies from the same accounts that he was. Mr. Brown argues that only $17,800 should be attributed to him. The fact that he stipulated to the amount of loss and agreed with the government's summation at the plea colloquy makes this claim of ineffective assistance untenable, as described previously.[3]

*Failure to Request a Downward Departure*

■ Defendant argues that his counsel was ineffective for failing to request a downward departure at sentencing. First, plaintiff objects to counsel's failure to draw the court's attention to U.S.S.G. § 2X1.1(b)(1), which reduces the base offense level for certain attempts, conspiracies, and solicitations. However, this section is plainly inapplicable, as Mr. Brown was convicted of bank fraud. Moreover, Mr. Brown would not have been eligible for a three-level decrease in his offense level because the only reason he did not complete portions of his intended fraud was that he was stopped by law enforcement officials, a situation that explicitly precludes application of the three-level decrease. *See id.* Again, counsel was not ineffective for failing to raise this claim.

■ Mr. Brown also states that counsel improperly failed to request a downward departure based on his remorse for having committed a crime. While he attempted to cooperate, the government determined that he had not provided enough information to merit a departure for substantial assistance. Defendant argues now that his efforts to cooperate were indicative of extraordinary remorse. The court first notes that counsel did argue for a downward departure based on extraordinary family circumstances and presented several witnesses in support of this argument. The court declined to grant such a depar-

ture, and the court similarly finds that Mr. Brown's remorse, while seemingly genuine, is not so great as to remove the case from the heartland. *See Koon v. U.S.*, 518 U.S. 81, 94, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Counsel thus did not err in failing to argue for a departure on this basis.

*Claims Pertaining to Supervised Release*

■ Mr. Brown argues that counsel was ineffective in failing to advise the court that five years of supervised release was not mandatory. However, this fact is clearly brought forth in the presentence investigation, even assuming the court was unaware of the law governing the case. Nor was defense counsel ineffective in failing to object to the court's imposition of a five-year term of supervised release. Throughout the sentencing hearing, the court discussed with counsel factors that might warrant a longer period of incarceration and supervised release, and defendant's counsel attempted to persuade the court that Mr. Brown's personal situation justified a lesser penalty. *See* Transcript of Sentencing Hearing at 28–31. The court declined to follow such a recommendation. *See id.* at 36–37 (stating that sentence reflected need for deterrence and punishment and declining to permit period of home confinement although the statute authorized it). Even if counsel did not specifically object to the court's decision to impose a longer period of supervised release than it was required to do by law, this was not ineffective assistance because her objection would not have altered the conclusion of the proceeding.

*Conclusion*

Although the defendant's pro se brief is well-argued, his counsel was not ineffective in failing to raise the arguments described in this motion. Mr. Brown stipulated to several of the factual components at issue,

---

**3.** Even if the court were to accept Mr. Brown's version of events, this argument would not constitute a claim for ineffective assistance of counsel: Mr. Brown alleges that

the government improperly failed to. investigate other individuals who were involved in the case, not that his own counsel erred.

and the other arguments simply have no merit. Thus, his attorney committed no errors that prejudiced him, and there is no need to hold a hearing on this matter as the "files and records of this case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255.