UNITED STATES of America,

v.

**Oscar VASQUEZ a/k/a Oscar the Puerto Rican Oscar Vasquez, Appellant.**

No. 00–4129.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 7, 2002.

Filed Feb. 27, 2002.

Before SLOVITER, AMBRO, Circuit

Judges, and SHADUR, District Judge.*

## MEMORANDUM OPINION OF THE COURT

SLOVITER, Circuit Judge.

### I.

Appellant Oscar Vasquez, who was indicted for conspiracy to distribute cocaine, 21 counts of distribution of cocaine, and 17 counts of using a telephone to facilitate a drug felony, entered into a plea agreement to plead guilty to all counts of the indictment and fully cooperate with the government in exchange for a downward departure in his sentence. After a thorough colloquy with the defendant, the District Court accepted Vasquez's plea. At the sentencing hearing, the District Court advised Vasquez of the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and gave him the opportunity to withdraw his plea. Vasquez conferred with counsel, and chose to proceed to sentencing.

On November 15, 2000, Vasquez was sentenced to nine years imprisonment and five years supervised release. The maximum statutory sentence for the charged crimes was life imprisonment with a statutory minimum of ten years, and a guideline range of 292 to 365 months imprisonment. Pursuant to the plea agreement, the government filed a motion for downward departure of Vasquez's sentence of ten levels, which the trial court accepted. This decreased Vasquez's sentence by at least 15 years.

Vasquez filed a timely notice of appeal. His counsel filed an Anders brief claiming Vasquez's case presents no appealable issues of arguable merit. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Vasquez was notified that he could file a pro se brief, and he has done so, claiming his sentence violated *Apprendi*, his downward departure at sentencing was not sufficient, and that his counsel, who represented him at trial and filed a brief on appeal, was ineffective.

### II.

Vasquez's court-appointed counsel, Thomas Bellwoar, seeks to withdraw from continued representation of Vasquez pursuant to the Third Circuit Local Appellate Rule 109.2(a). Rule 109.2(a) provides that if no non-frivolous issues to appeal are found by trial counsel after review of the record, counsel may file a motion to withdraw representation and provide a supporting brief pursuant to *Anders*.

As a general rule, an entry of a plea of guilty waives appellate review unless the court lacked jurisdiction, the plea was invalid, or the sentence was illegal. In the present case, the District Court plainly had jurisdiction over a federal crime. See 18 U.S.C. § 3231. Thus, the only possible avenues that Vasquez could explore on appeal would be the validity of the plea and the legality of the sentence.

There appears to be no basis to challenge the validity of the plea, as counsel acknowledges. Vasquez met with the government on five different occasions in an effort to obtain a mutually acceptable plea agreement. Further, at the plea hearing the District Court engaged in an extensive colloquy with Vasquez to ensure that Vasquez truly understood the plea agreement and the constitutional rights he was waiving by choosing to plead guilty. In light of

---

* Hon. Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

the extensive colloquy at Vasquez's plea hearing, we agree with counsel that no non-frivolous appealable issues arise from the plea hearing.

▇ In his supplemental pro se brief, Vasquez claims ineffective assistance of counsel because his counsel did not properly defend his position by failing to challenge the "weak" letter for downward departure offered by the government. Vasquez's counsel and the government both confirm that Vasquez was never guaranteed a stipulated sentence, and the sentence Vasquez's counsel helped him to obtain was substantially lower than if he had been found guilty at trial. The allegedly "weak" downward departure letter offered by the government reduced Vasquez's sentence by at least 15 years. Nor will we reach Vasquez's ineffective assistance of counsel claim. Although we find it difficult to contemplate that counsel who secured for his client a downward departure of ten levels could be viewed as ineffective, see *Strickland v. Washington,* 466 U.S. at 602, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring showing of prejudice for claim of ineffective assistance of counsel), this court does not generally hear ineffective assistance of counsel claims on direct appeal. *See United States v. Rieger,* 942 F.2d 230, 235 (3d Cir.1991). Instead, the claim must await a collateral challenge brought under 28 U.S.C. § 2255 so that the District Court can hold an evidentiary hearing to create a sufficient record for appellate review. *See United States v. Nahodil,* 36 F.3d 323, 330–31 (3d Cir. 1994).

▇ We can reach Vasquez's argument made in his supplemental pro se brief, where he contends that he was entitled to a more compensating downward departure for his cooperation with the government. Vasquez maintains that the cooperation and information provided by him was deserving of a greater reduction than that recommended by the government and that the government's failure to file a strong and effective letter seeking downward departure on his behalf "reeks of bad faith."

However, the District Court properly abided by the sentencing guidelines in calculating and imposing Vasquez's sentence. Vasquez has pointed to nothing in the record to suggest that the District Court abused its discretion in denying Vasquez's request to depart further. The plea agreement entered into by Vasquez and the government contained no guarantee as to the amount of any downward departure. The government effectively fulfilled its obligation under the plea agreement to ask the District Court to depart downward based on the extent of Vasquez's cooperation. Once again, there is no basis on the record to sustain any bad faith claim.

▇ Finally, although Vasquez argues that he was denied his constitutional rights under the *Apprendi* ruling, that case is inapplicable here. Under *Apprendi,* "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

In *United States v. Williams,* 235 F.3d 858, 863 (3d Cir.2000), this court held that when the actual sentence imposed does not exceed the statutory maximum, *Apprendi* is not implicated. Because the nine year sentence actually imposed on Vasquez is considerably lower than the statutory maximum of twenty years, any claim of an illegal sentence in the present case under *Apprendi* is without merit.

For the reasons set forth, we will affirm the judgment of the District Court.